PEOPLE v BOLDÉN

Docket No. 78-664. Submitted February 13, 1979, at Detroit.—Decided September 19, 1979.

Clifton Bolden was charged with armed robbery and two counts of criminal sexual conduct in the second degree, all of which arose out of an assault upon an elderly woman in her home. Because of the inability of the complaining witness to identify defendant as her assailant, the prosecution sought to introduce the testimony of two other elderly women who would testify that defendant had robbed and sexually assaulted them using the same *modus operandi* that was used in the robbery and assault at issue at trial. In each instance, an elderly woman, living alone in the same area of Detroit, was robbed of money and jewelry and was sexually assaulted after being tied to her bed in a spread-eagle position. Defendant had been acquitted of charges arising out of one of these prior incidents. Defendant objected to this testimony. The Recorder's Court of Detroit, James A. Hathaway, J., permitted the testimony under the similar acts statute. Defendant was found guilty only on the armed robbery count. Defendant appeals. *Held:*

1. Evidence of prior criminal acts by the defendant may be admitted under the similar acts statute to show the defendant's scheme, plan, intent, or motive or the absence of mistake or accident where there is substantial evidence that defendant committed the prior act, there are some special circumstances of the prior act which tend to prove the defendant's scheme, plan, intent, or motive or the absence of mistake or accident, and defendant's scheme, plan, intent, or motive or the absence of mistake or accident is material to the determination of defendant's guilt of the charged offense.

2. The fact that defendant was acquitted of charges arising out of a prior act does not bar the admission under the similar acts statute of evidence of witnesses to the prior act concerning such act.

3. The probative value of evidence of prior criminal acts

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 29 Am Jur 2d, Evidence § 321 *et seq.*
[2] 29 Am Jur 2d, Evidence § 332.

admitted under the similar acts statute must outweigh the prejudicial effect of such evidence.

4. There is no requirement that the trial court spread upon the record the balancing process undertaken to determine whether the probative value of evidence offered under the similar acts statute outweighs the prejudicial effect. If such a requirement is forthcoming, it should come from the Supreme Court rather than the Court of Appeals.

5. The trial court properly admitted the testimony concerning defendant's prior acts. Since the testimony was critical to the question of the identity of defendant as the assailant, the testimony concerning the prior acts by defendant had probative value. The prejudicial effect was minimal, as is demonstrated by defendant's acquittal on the sexual assault counts.

Affirmed.

D. E. HOLBROOK, JR., J., concurred in the result only.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — ADMISSIBILITY —
REQUIREMENTS — STATUTES.

Evidence of a defendant's prior criminal acts may be admitted under the similar acts statute to show the defendant's scheme, plan, intent or motive or to show the absence of mistake or accident where there is substantial evidence that the defendant committed the prior act, there are some special circumstances of the prior act which tend to prove the defendant's scheme, plan, intent, or motive or the absence of mistake or accident is material to the determination of the defendant's guilt of the charged offense (MCL 768.27; MSA 28.1050).

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PRIOR ACQUITTALS
— ADMISSIBILITY — STATUTES.

The fact that a defendant was acquitted of charges arising out of prior similar incidents, evidence of which is sought to be introduced to establish the defendant's scheme, plan, intent or motive or the absence of mistake or accident under the similar acts statute, does not bar the admission of direct evidence of witnesses to the prior acts regarding those prior incidents under the similar acts statute (MCL 768.27; MSA 28.1050).

3. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PREJUDICIAL EF-
FECT — PROBATIVE VALUE — APPEAL AND ERROR — STATUTES.

The probative value of evidence of prior criminal acts which is admitted under the similar acts statute must outweigh the prejudicial effect of such evidence; however, there is no require- ment that the trial court spread on the record the balancing

process undertaken to determine whether the probative value outweighed the prejudicial effect (MCL 768.27; MSA 28.1050).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

CYNAR, P.J. Defendant was charged with armed robbery, contrary to MCL 750.529; MSA 28.797, and two counts of criminal sexual conduct in the second degree, contrary to MCL 750.520c(1); MSA 28.788(3)(1). A Detroit Recorder's Court jury found the defendant guilty of armed robbery only, and he was sentenced to a prison term of from 20 to 30 years. Defendant now appeals as of right.

The complaining witness was unable to identify defendant as her assailant, though his fingerprints were found on a green box in her apartment. This inability to identify her assailant occurred because her assailant removed her glasses, which left her unable to see clearly. The prosecution, in order to prove that defendant was the same individual that accosted the complaining witness, utilized the testimony of two other individuals who testified that defendant had previously sexually assaulted and robbed them utilizing the same *modus operandi* that was used in the present robbery and criminal sexual conduct. This testimony was received into evidence over defendant's objection, the trial court ruling that it was permitted under the similar acts statute, MCL 768.27; MSA 28.1050.

Defendant initially contends that it was error for the trial judge to admit the "similar acts" evidence. He notes that he was acquitted of charges arising out of the incident about which one of the witnesses testified. He further claims that the probative value of the evidence was outweighed by its prejudicial effect.

MCL 768.27; MSA 28.1050 permits the introduction of evidence of similar acts of a defendant "where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material". In *People v Wilkins,* 82 Mich App 260, 267-269; 266 NW2d 781 (1978), a panel of this Court set forth the requirements for admission of evidence under this statute. There must be substantial evidence that defendant committed the act sought to be introduced, there must be some special circumstances of the prior act which tend to prove defendant's plan, scheme, intent, etc., and the defendant's plan, scheme, intent, etc., must be material to the determination of defendant's guilt of the charged offense.

We conclude that these requirements are satisfied in the present case. The two witnesses testified from first-hand knowledge as to defendant's perpetration of the prior acts. The fact of defendant's acquittal on charges arising out of one of the prior incidents does not act to bar its admission. *People v Oliphant,* 399 Mich 472, 495-500; 250 NW2d 443 (1976). The similarity between these acts and the sexual assault alleged in the present case is striking. In each instance, an elderly woman, living alone in the same area of Detroit, was robbed of money and jewelry, tied to her bed in a spread-eagle position, and sexually assaulted. The materiality of this evidence and its propensity to show a

scheme and the disputed identity of the assailant in the present case is obvious.

The question remains, however, whether the probative value of this evidence outweighed its prejudicial effect. Such a determination must be made even if the requirements set out above are met. *People v Wilkins, supra,* 270.

The record in the present case does not expressly indicate whether the trial judge applied this balancing test when ruling that the evidence was admissible. However, no case to date has required a trial judge to spread this balancing process on the record. If such a requirement is forthcoming, we believe it should come from the Supreme Court. Additionally, we are not willing to presume from a silent record that the trial judge in this case failed to balance these factors.

We further conclude that the probative value of the similar acts testimony in this case outweighed its prejudicial effect. The identity of the assailant was the critical issue at trial. Defendant presented an alibi defense at trial and, because of her poor vision, the complainant was unable to identify defendant as her assailant. Thus, the similar acts testimony was of paramount importance in establishing defendant's identity as the assailant, and its probative value was enormous.

The admission of the testimony concerning prior bad acts or criminal convictions of a defendant will always have some prejudicial effect. However, in the present case, this effect was minimized, as the jury was made aware that defendant had been acquitted of the prior sexual assaults. The jury's verdict, acquitting defendant of the criminal sexual conduct charges, is further proof of the evidence's minimal prejudicial effect.

In light of the above analysis, we conclude that

no error occurred in the admission of the similar acts testimony in this case. We have also examined defendant's other contentions of error and find them to be without merit. See *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977), and GCR 1963, 516.2.

Affirmed.

D. E. HOLBROOK, JR., J., concurs in the result only.