PEOPLE v ATKINS

PEOPLE v WIGGINS

Docket No. 45188. Submitted October 18, 1979, at Detroit.—Decided
April 16, 1980. Leave to appeal denied, 409 Mich 876.

Aaron C. Atkins and Travis M. Wiggins were arraigned on
charges of first-degree murder stemming from the murder of
one Girard Tolbert. Ronald Moore, the informant in this case,
testified at the preliminary examination that defendant Atkins
with the assistance of Moore and defendant Wiggins killed
Tolbert by injecting him with heroin and then holding his head
under water. The prosecution contended that both defendants
were involved in two separate shooting incidents which were
related to the charged offense and which occurred shortly
before Tolbert's death. In the first, Wiggins was convicted of
attempted murder and the charge against Atkins was dis-
missed. In the other incident, where two men were shot, both
defendants received directed verdicts of acquittal. In an effort
to link Wiggins to Tolbert's death the police obtained a search
warrant based on an affidavit of the informant, Ronald Moore,
who agreed to telephone Wiggins in prison for the purpose of
having a recorded conversation. At an evidentiary hearing,
Wiggins orally moved to suppress the recordings on the basis of
entrapment and that the supporting affidavit was insufficient.
Over objections counsel for Atkins was permitted to cross-exam-
ine Moore regarding entrapment and the affidavit. Recorder's
Court of Detroit, Evelyn K. Cooper, J., ruled that evidence of
the shootings was inadmissible due to their lack of materiality

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 431.
[2] 68 Am Jur 2d, Searches and Seizures §§ 63, 67.
[3] 68 Am Jur 2d, Searches and Seizures § 64.
[4] 81 Am Jur 2d, Witnesses § 54.
[5] 68 Am Jur 2d, Searches and Seizures §§ 64, 65, 67, 68.
[6] 68 Am Jur 2d, Searches and Seizures §§ 81, 82.
[7] 68 Am Jur 2d, Searches and Seizures § 60.
[8, 11] 29 Am Jur 2d, Evidence §§ 320-328.
[9] 29 Am Jur 2d, Evidence § 333.
[10] 29 Am Jur 2d, Evidence § 325.

to the charged offense and because the prejudice of their admission would outweigh their probative value. The recordings were also held to be inadmissible because the search warrant was too general and the reliability of the informant was not established. The prosecution appeals by leave granted. *Held:*

1. Fourth Amendment rights are personal rights which may not be vicariously asserted. Atkins was not a party to the recorded conversations; therefore, he lacked standing to object to the admission of the recorded conversations. The recordings are admissible against Atkins and Wiggins may invoke the discretion of the court by moving for a separate trial.

2. A supporting affidavit for a search warrant must afford a magistrate sufficient probable cause to issue the warrant. The affiant never attested that police informant Moore was reliable; he simply stated that he knew Moore and he had supplied information to the police. It was never purported that such information had been helpful or even that it was accurate. Therefore, the trial court's ruling that the search warrant was too general and the reliability of the informant was not established is affirmed.

3. Prior judicial authorization is required before a recorded conversation is admissible where the recording is to be effected by a third party and one of the participants is aware of the recording and the other is not. Wiggins was not informed that his conversation with Moore was to be recorded. The trial court properly suppressed the recorded conversations.

4. The trial judge was justified in determining that any claimed interrelation between the crime charged and defendants' other crimes was speculative because the claimed relationship was based on circumstantial evidence.

5. To admit evidence of other crimes under the similar acts statute there must be a showing that defendants committed the other crimes. Wiggins was convicted of attempted murder and this satisfies the statutory requirement, but the charges against Atkins resulted in dismissal and acquittal and evidence of other crimes could not be used against him. There are no special circumstances in defendants' other alleged crimes that would prove intent or motive and, in addition, the element of motive was never placed in issue.

6. The trial court properly ruled that the probative value of admitting evidence of the defendants' other alleged crimes was outweighed by the prejudicial effect.

Affirmed.

1. TELECOMMUNICATIONS — CONSTITUTIONAL LAW — EVIDENCE —
   RIGHT TO PRIVACY — RECORDED CONVERSATIONS — SUPPRESSION
   OF EVIDENCE — COCONSPIRATORS AND CODEFENDANTS — PER-
   SONAL INVOLVEMENT — STANDING.

   Fourth Amendment rights to privacy are personal rights which
   may not be vicariously asserted; the right to suppression of
   recorded conversations from trial evidence is personal to the
   one whose right to privacy was violated, and persons, including
   coconspirators and codefendants, who were not personally in-
   volved in the recording of the conversations have no standing
   to object to their admission.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE
   — DISCRETION — APPEAL AND ERROR.

   The Court of Appeals will not substitute its judgment for that of
   a magistrate in determining probable cause to issue a search
   warrant.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — SUPPORTING
   AFFIDAVITS.

   An affidavit in support of a search warrant should be read in a
   common sense manner in conjunction with the warrant.

4. WITNESSES — ADMISSIONS — PENAL INTEREST — IMMUNITY —
   ADMISSIBILITY.

   Admissions of a witness should not be suppressed on the ground
   that they were against his penal interest where the witness
   was given immunity.

5. SEARCHES AND SEIZURES — WARRANTS — SUPPORTING AFFIDAVIT —
   MAGISTRATES — PROBABLE CAUSE — RELIABLE INFORMATION.

   An affidavit supporting the issuance of a search warrant fails to
   afford a magistrate sufficient probable cause where the affiant
   never attested that a police informant was reliable or that his
   information had been helpful or accurate.

6. SEARCHES AND SEIZURES — SEARCH WARRANTS — SUPPORTING
   AFFIDAVITS — EVIDENCE — REASONABLE DESCRIPTION OF EVI-
   DENCE.

   A search warrant and its supporting affidavit must describe the
   evidence sought to be obtained with reasonable precision.

7. SEARCHES AND SEIZURES — RECORDED CONVERSATIONS — WARRANT
   REQUIREMENTS.

   Prior judicial authorization is required before a recorded conver-
   sation is admissible where the recording is to be effected by a

third party and one of the participants is aware of the recording and the other is not.

8. CRIMINAL LAW — EVIDENCE — OTHER CRIMES — INTERRELATION OF CRIMES — ADMISSIBILITY.

Evidence of a defendant's other crimes should not be admitted where any claimed relationship between the crime charged and the other crimes is based on circumstantial evidence as opposed to a defendant's admission of interrelation.

9. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — ADMISSIBILITY — REQUIREMENTS — STATUTES.

Admission of evidence of a defendant's other crimes under the similar acts statute requires a showing of substantial evidence that defendant committed the other crimes, and that there were some special circumstances of the prior bad acts which tend to prove one of the statutory items and the materiality of the enumerated item to the determination of defendant's guilt of the charged offense (MCL 768.27; MSA 28.1050).

10. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — MOTIVE AND INTENT — ADMISSIBILITY.

One justification for the admission of evidence of other bad acts is to show motive, which first requires a showing that the defendant's motive or intent in doing an act is material; therefore, even though motive may be germane to the admission of similar acts it must first be placed in issue to be considered.

11. CRIMINAL LAW — EVIDENCE — OTHER CRIMES — PROBATIVE VALUE — PREJUDICIAL EFFECT — LESS PREJUDICIAL SOURCES.

Generally, evidence of other crimes is not admissible at trial because its probative value is outweighed by the prejudicial effect and, where prejudice predominates, a determination to exclude this evidence is proper; in making its decision the trial court should consider the availability of less prejudicial sources of proof to prove an element of the prosecution's case.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for plaintiff.

*Bell & Hudson, P.C.,* for defendant Atkins.

Before: M. F. Cavanagh, P.J., and M. J. Kelly and D. S. DeWitt,* JJ.

M. F. Cavanagh, P.J. The prosecution was granted leave to appeal from the two-pronged ruling of the trial court that suppressed a tape-recorded telephone conversation between an informant and defendant Wiggins and denied admission of evidence of other crimes allegedly involving the defendants.

Defendants Atkins and Wiggins were arraigned on charges of first-degree murder stemming from the July 13, 1974, murder of one Girard Tolbert. Ronald Moore, the informant in this case, testified at the preliminary examination that defendant Atkins effected the release of Tolbert on bond, and, with the assistance of Moore and defendant Wiggins, killed Tolbert by injecting him with heroin and then holding his head under water.

The prosecution contended that both defendants were involved with two separate shooting incidents which were related to the charged offense and which occurred shortly before and after Tolbert's death. Defendant Wiggins was convicted for the attempted murder of one "Pimp" Hines and has remained incarcerated in Jackson Prison therefor since 1975. Charges against defendant Atkins arising from that incident were dismissed by Justice, then Circuit Court Judge, Blair Moody, Jr., on the basis that there was no evidence to connect him with the crime. In the other incident, a shooting on Snow Road where two men were shot, one of whom died, directed verdicts of acquittal were entered in favor of both defendants.

In an effort to link defendant Wiggins to Tol-

* Circuit judge, sitting on the Court of Appeals by assignment.

bert's death, the Detroit Police obtained a *Beavers*[1] search warrant in December of 1978 based on an affidavit of Moore who agreed to telephone defendant Wiggins in prison and have the conversation recorded.

At an evidentiary hearing counsel for defendant Wiggins orally moved to suppress the recordings on the basis of entrapment, also later arguing that the supporting affidavit was insufficient. Counsel for defendant Atkins was also permitted to cross-examine a police witness in this regard, over objections that he had no standing to question the admission of the recordings and that he had never brought a motion to suppress. The trial court ruled that no evidence could be admitted concerning the two allegedly related shootings due to their lack of materiality to the charged offense and because the prejudice of their admission would outweigh their probative value. The recordings were also held to be nonadmissible since the search warrant was too general and the reliability of the informant was not established.

The prosecution is correct in maintaining that defendant Atkins lacks standing to object to the admission of the recorded conversations. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted". *Alderman v United States,* 394 US 165, 174; 89 S Ct 961; 22 L Ed 2d 176 (1969). If there was a search and seizure that was violative of the Fourth Amendment, as we shall ascertain below, it did not involve defendant Atkins as a party to the conversations nor as one from whose premises the conversations were "taken". *Alderman, supra,* 176. Application of the exclusionary rule with regard to defendant Atkins in this instance

---

[1] *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975).

would serve neither to protect his right to privacy, the same never having been invaded, nor would it deter police misconduct, given that the police obtained a warrant before recording the conversations. *People v Warner,* 401 Mich 186, 209; 258 NW2d 385 (1977). As a consequence, the recordings may be admitted against defendant Atkins, because "[c]oconspirators and codefendants have been accorded no special standing". *Alderman, supra,* p 172. Defendant Wiggins may, accordingly, invoke the discretion of the trial court by moving for a separate trial. *People v Slate,* 73 Mich App 126, 131-132; 250 NW2d 572 (1977). MCL 768.5; MSA 28.1028. See 54 ALR2d 830.

Our consideration of the adequacy of the search warrant in this case is premised upon the accepted rule that absent a clear abuse of discretion, this Court will not substitute its judgment for that of the magistrate in determining probable cause. *People v Thomas,* 86 Mich App 752, 759; 273 NW2d 548 (1978), *lv den* 406 Mich 971 (1979), Justice LEVIN dissenting.

The language in the warrant describing what was to be seized read as follows: "All conversations dealing primarily with the subject of illegal drug trafficking and or murders where those conversations are between Ronald Moore AKA Ronnie Moore, a police agent, and Travis Melvin Wiggins". The accompanying affidavit, which must concededly be read in a common sense manner in conjunction with the warrant, *People v Iaconis,* 29 Mich App 443, 454; 185 NW2d 609 (1971), *aff'd* in *People v Bercheny,* 387 Mich 431; 196 NW2d 767 (1972), recites that, "[a]ffiant is a Detroit Police Officer who is personally acquainted with Ronald Moore. Ronald Moore has been supplying information to Federal and local agencies concerning crim-

inal activity of Aaron Atkins since the summer of 1977". It then relates Moore's version of the Tolbert killing, that Moore and Wiggins worked for Atkins at that time, and that Moore and Wiggins were both currently in prison. Finally, the stated purpose of the search warrant, "* * * is to cover a telephone call(s) initiated by SOI (Moore) wherein it is hoped that Wiggins will discuss his criminal activities".

The prosecution attacks the suppression of the recordings on two fronts, *viz.,* that Ronald Moore was identified in the warrant and that he made admissions against his penal interest. The latter factor is of no avail since Moore was given immunity in this case, and, therefore, reliance upon *United States v Harris,* 403 US 573; 91 S Ct 2075; 29 L Ed 2d 723 (1971), is misplaced. While knowledge of the identity of an informer lends some credibility to his or her information, standing alone in this case, it is not enough. See *People v Tooks,* 403 Mich 568; 271 NW2d 503 (1978). The affiant here never attested that Moore was reliable; he simply stated that he knew him and that Moore had previously supplied information to the police. It was never purported that such information had been helpful or even that it was accurate. Thus, we are faced with an affidavit based only on informant information with the recitation of details of the alleged murder as the only indicium of reliability. As such, the affidavit would fail the tests proposed in *People v Rodriguez,* 65 Mich App 723, 726-728; 238 NW2d 385 (1975), *lv den* 396 Mich 852 (1976). Moreover, the affidavit and warrant do not satisfy the "particularity" requirement by describing with reasonable precision the evidence sought to be obtained. Even a common sense reading of the two cannot avoid the impermissibly

broad references to "illegal drug trafficking and or murders" and Wiggins's "criminal activities". *Marron v United States,* 275 US 192, 196; 48 S Ct 74; 72 L Ed 231 (1927). See also *People v Taylor,* 93 Mich App 292; 287 NW2d 210 (1979).

The prosecution also argues that since one of the parties to the conversations consented to their being recorded, no prior judicial authorization is required under *United States v White,* 401 US 745; 91 S Ct 1122; 28 L Ed 2d 453 (1971). While our Supreme Court chose to exceed the United States Supreme Court in *White, supra,* through its decision in *People v Beavers,* 393 Mich 554, 562-566; 227 NW2d 511 (1975), *cert den,* 423 US 878; 96 S Ct 152; 46 L Ed 2d 111 (1975), the situation present in this case differs slightly from that in *Beavers.* Here, we address the recording of a conversation between two persons, one of whom is aware of the recording and one who is not, the recording being effected by a third party. See *Beavers,* 562, fn 2, for the definition of participant monitoring. However, this Court has already applied the *Beavers* requirement for a search warrant to participant recording in *People v Hall,* 88 Mich App 324; 276 NW2d 897 (1979), *lv den* 406 Mich 941 (1979). We reiterate our belief that prior judicial authorization is required for the type of search and seizure involved in this case to the same extent that *Beavers, supra,* requires a valid search warrant to engage in "participant monitoring". *Hall, supra,* 330. Therefore, with regard to defendant Wiggins, the ruling of the trial court that the recorded conversations be suppressed is affirmed. At the same time, however, this ruling does not affect the admissibility of Moore's testimony as to statements spoken to him directly by Wiggins. *Beavers, supra,* 567.

The prosecution advances two arguments in support of its efforts to introduce evidence of other crimes relating to the defendants. First, it is argued that *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978), *reh den* 405 Mich 1001 (1979), allows such testimony to be admitted to show an entire criminal transaction. We are convinced that the circumstances of *Delgado* are not sufficiently analogous to those of the present case since any claimed relationship in this case was based on circumstantial evidence as opposed to defendant's admission of interrelation in *Delgado, supra,* 79-80; and further, due to the inconsistent objections by defendant in *Delgado,* the jury was apprised that there had been a sale prior to the one in issue, *Delgado, supra,* 84. We will not upset the determination of the trial court that the claimed interconnection between the events was speculative under these circumstances.

The second theory is that evidence of the other crimes was admissible under the similar acts statute, MCL 768.27; MSA 28.1050. This requires a showing of substantial evidence that defendants committed the other crimes; some special circumstances of the prior bad acts which tend to prove one of the statutory items; and the materiality of the enumerated item to the determination of defendants' guilt of the charged offense. *People v Wilkins,* 82 Mich App 260, 267-268; 266 NW2d 781 (1978). Due to the dismissal of charges and directed verdict of acquittal as to defendant Atkins in both of the alleged similar acts, the first requirement cannot be established against him. Defendant Wiggins, however, was convicted in the charges arising from the shooting of "Pimp" Hines, and the evidence does satisfy the first requirement to that extent. For the second factor,

the prosecution urges that the acts would prove motive or intent. Both defendants assert that they did not commit the killing, and in the absence of claims of accident or self-defense, there are no special circumstances in this case that would allow the bad acts to be employed to prove intent. *Wilkins, supra,* 267. The acts could, nevertheless, be used in conjunction with a showing of motive to eliminate potential witnesses given the circumstances of the case. But, even though motive may be germane to the admission of the similar acts, it must first be placed in issue. See *People v Major,* 407 Mich 394; 285 NW2d 660 (1979).

Beyond this analysis, *Wilkins, supra,* 270-271, further mandates a balance of probative value versus prejudicial effect. The trial court clearly ruled that the latter predominated and consequently held against admission of the evidence. We find no abuse of discretion in this ruling; it is in accord with the general rule that evidence of other crimes is inadmissible. *People v Golochowicz,* 89 Mich App 57, 64; 279 NW2d 576 (1979). *Wilkins's* directive that the trial court should consider less prejudicial sources of proof may be satisfied in the availability of Moore's testimony as to the defendants' motives. *Wilkins, supra,* 270.

Affirmed.