PEOPLE v BOLDEN

Docket No. 43721. Submitted November 21, 1979, at Detroit.—Decided
July 1, 1980. Leave to appeal applied for.

Clifton E. Bolden was convicted of two counts of criminal sexual
conduct, second degree, and one count of armed robbery, Re-
corder's Court of Detroit, James A. Hathaway, J., and sen-
tenced on the armed robbery conviction and on one count of
criminal sexual conduct. He appeals, alleging the trial court 1)
abused its discretion in permitting impeachment using his prior
felony convictions, 2) erred in admitting similar acts testimony,
3) erred in failing to apprise the jury of defendant's acquittal
on the similar act charges, and 4) erred in the sentences. *Held:*

1. The trial court's weighing of the similarity of prior offenses
as a factor in favor of admissibility of evidence of them was an
abuse of discretion constituting reversible error.

2. Similar acts testimony was properly introduced since
defendant's identity was in issue and direct proof was offered
that the manner in which the criminal act was performed bore
distinguishing characteristics and that similar acts performed
by the defendant bore the same characteristics from which it
was inferable that the crime in question was committed by the
defendant.

3. Failure to apprise the jury of defendant's acquittal on
similar acts charges did not constitute error since defendant's
rights were sufficiently protected by limiting instructions con-
cerning the purpose of similar acts testimony and the jury was
cautioned not to regard the testimony as proof of defendant's
criminal disposition or guilt of other improper conduct.

4. The trial court did not err in imposing sentence.

Reversed

N. J. Lambros, J., concurred.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 327.
[2] 29 Am Jur 2d, Evidence § 326.
[3, 6, 8] 29 Am Jur 2d, Evidence § 332.
[4] 75 Am Jur 2d, Trial § 747.
[5] 21 Am Jur 2d, Criminal Law §§ 8, 9.
[7] 29 Am Jur 2d, Evidence § 333.

ALLEN, P.J., concurred in part and dissented in part. He would hold that upon retrial testimony of defendant's acquittal on similar acts charges should be admitted into evidence upon request.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR OFFENSE — SIMILAR ACTS — ADMISSIBILITY — ERROR.

The similarity of a prior offense to that charged is a factor weighing against admissibility of evidence of it for impeachment purposes, and the weighing of the similarity by a trial court in favor of admissibility constitutes error.

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PROPER INTRODUCTION — DIRECT PROOF — TRIALS.

Similar acts evidence is properly introduced where direct proof is offered 1) that the manner of performance of the criminal act in question or some significant aspect thereof bore certain distinguishing, peculiar or special characteristics to the proffered evidence, 2) that acts performed contemporaneously with or prior or subsequent to the act in question bore the same characteristics, 3) that these similar acts were performed by the defendant, and 4) that, inferentially, defendant committed the crime.

3. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS.

Failure by the trial court to apprise the jury of a defendant's acquittal on similar act charges where evidence of similar acts has been admitted does not constitute error.

4. CRIMINAL LAW — DEFENDANT'S RIGHTS — EVIDENCE — SIMILAR ACTS TESTIMONY — COURTS — JURY INSTRUCTIONS.

A defendant's rights are sufficiently protected subsequent to the introduction of similar acts testimony by the trial court's limiting instructions concerning the purpose of such testimony.

5. CRIMINAL LAW — STATUTES — CRIMINAL SEXUAL CONDUCT — MULTIPLE CONVICTIONS — TRIAL.

The criminal sexual conduct statutes do not support multiple convictions for the same sexual conduct based on varying aggravating circumstances (MCL 750.520a *et seq.;* MSA 28.788[1] *et seq.).*

CONCURRENCE IN PART AND DISSENT IN PART BY ALLEN, P.J.

6. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — FAILURE TO CON-
VICT — TRIAL.

*Failure to convict a defendant of a similar act on a prior occasion
does not preclude introduction of evidence of the act at a
subsequent trial.*

7. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — TRIAL — REASON-
ABLE DOUBT — PROSECUTING ATTORNEYS.

*A prosecutor, in establishing similar acts of a defendant, need not
establish proof beyond a reasonable doubt, but must offer
substantial evidence of their commission by the defendant.*

8. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PRIOR ACQUITTAL
— TRIAL.

*A defendant should be entitled to show that another jury deter-
mined that he did not commit a similar act, to the extent that
the prior acquittal reflects on the accuracy of the charge that
he did commit the act.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Brian Marzec,* Assistant
Prosecuting Attorney, for the people.

*George C. Dovas,* for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and N. J.
LAMBROS,* JJ.

M. J. KELLY, J. Defendant Clifton Bolden was
convicted by a jury of two counts of criminal
sexual conduct, second degree, MCL 750.520c;
MSA 28.788(3), and one count of armed robbery,
MCL 750.529; MSA 28.797. Defendant was sen-
tenced to concurrent terms of imprisonment of 20
to 30 years on the armed robbery count and 10 to
15 years on one count of criminal sexual conduct.
Defendant was not sentenced on the other crimi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nal sexual conduct, second degree, count. He appeals by right.

As the trial began, defense counsel moved to suppress reference to the defendant's criminal record. The trial court denied the motion, permitting impeachment by use of the defendant's 1971 conviction of attempted receiving and concealing stolen property valued over $100, 1973 conviction of attempted breaking and entering a business place, and recent conviction of armed robbery.

The first witness to testify was the 69-year-old complainant who identified the defendant as the man who raped and robbed her at her home during daylight hours. Paula McCowan, who lived across the street from the victim, testified that she had seen a man walking back and forth on Rutland in front of the victim's home. She identified this man as the defendant.

Police Officer Paul Rehn conducted the lineups in this case. He testified that on September 13, 1977, the victim and Ms. McCowan each identified the defendant and also testified to the details of the lineup procedure.

Jean Brown testified as a similar act witness. She was 55 years old and was robbed and raped in her home on June 29, 1977. She identified the defendant as the perpetrator of that crime. The trial court excluded from evidence the fact that the defendant had been acquitted by a jury of all charges relating to the crimes against Ms. Brown.

The defendant testified in his own behalf. He denied ever having robbed or raped the victim or Ms. Brown. He denied being in the vicinity of the crime when it occurred and denied ever having seen either woman before he was arrested. He did not present an alibi. The defendant's sister, Betty Ann Gordon, testified to his physical appearance

during the time period in question. The jury returned a verdict of guilty on all counts.

Defendant first contends that the trial court abused its discretion in permitting impeachment with evidence of prior felony convictions. The prosecutor urged admission of the evidence of prior convictions since they involved crimes of dishonesty which were probative of defendant's credibility. The court then recognized its discretion on the record and indicated that it would allow interrogation on those offenses for the following reasons:

"*The Court:* All right.

"The Court is well aware of the law as recited by the Supreme Court of the State of Michigan in People versus Jackson.

"The Court would rule in this case that the probative nature of the offenses, the similarity of the violence involved, particularly as it relates to robbery armed, breaking and entering of a business place, and the fact that the attempt receiving and concealing is within a time scheme and a time sequence that is pertinent to this type of an offense. * * *"

The decision to admit or exclude evidence of the defendant's prior convictions for impeachment purposes should be based upon a careful balancing of the evaluative factors established by this Court in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). Although the trial judge need not make recorded findings on each, *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979), affirmative misapplication has been held to require reversal. *Crawford, supra.*

A recent decision by the Supreme Court, *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), affirms the principle that evidence of similar

crimes should be admitted with great caution. The *Baldwin* Court reversed the convictions in two separate cases, based on the admission of evidence of prior convictions similar in nature to the charged offense. Baldwin was on trial for assault with intent to commit murder. The trial court allowed impeachment by reference to prior convictions for felonious assault and attempted armed robbery, noting that the similar assaultive nature of the offense was a factor in favor of their use. The Court held this was a misapplication of the standard adopted in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), first developed in *Luck v United States,* 121 US App DC 151; 348 F2d 763 (1965), and *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967). The Court explained:

"The error in these cases occurred because the trial judge weighed the nature of the prior offense (similarity) as a factor in *favor* of admissibility. *Gordon,* rather, makes similarity a factor weighing *against* admissibility:

" 'A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that "if he did it before he probably did so this time." As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.' 127 US App DC 347."

The trial court's reasoning in the instant case is identical to that condemned in *Baldwin.* The

court's abuse of discretion in misapplying the standards governing admission of evidence of prior convictions constitutes reversible error.

For the first time on appeal, defendant claims error in the admission of the similar acts testimony of Jean Brown. We address this issue due to the substantial likelihood that the question will resurface at defendant's new trial. A careful examination of the record indicates that the similar acts testimony was properly admitted since defendant's identity was in issue and all other requirements for the admission of such evidence were satisfied. MCL 768.27; MSA 28.1050. The Supreme Court in *People v Major,* 407 Mich 394, 398; 285 NW2d 660 (1979), clearly and succinctly set forth the guidelines for admission of similar acts evidence as follows:

"The evidential process by which similar acts evidence is properly introduced involves direct proof of three propositions from which a fourth is inferable and thus proved circumstantially. They are:

1) That the manner in which the criminal act in question or some significant aspect of it was performed bore certain distinguishing, peculiar or special characteristics;

2) That certain specific similar acts, performed contemporaneously with or prior to or subsequently to the act in question, bore the same distinguishing, peculiar or special characteristics;

3) That the similar acts were performed by the defendant; and

4) That, accordingly, the crime in question was committed by the defendant.

"It is the distinguishing characteristics which constitute the acts as similar within the meaning of MCL 768.27 and MRE 404(b), not the fact that all constitute the same crime or are violative of the same statute. The distinguishing, peculiar or special characteristics which are common to the acts and thus personalize them are

said to be the defendant's 'signature' which identifies him as the perpetrator, or, if his identity is not contested, negates the suggestion that his behavior in performing the challenged act was unintended, accidental, a mistake, or otherwise innocent."

A comparison of the similar acts evidence proffered here and the evidence of the complainant, Ms. Watson, reveals striking similarity. Both victims were older women who were assaulted in their own homes in the afternoon. In each case the assailant entered the home while the victim was outside. In each case, the assailant put his hand over the woman's mouth and threatened to kill her if she did not cooperate. Both women were taken forcibly into the bedroom, raped, and tied in the identical manner to the bedpost. The assailant searched both homes for money and jewelry. Thus, the prior act and the act in question bore the same special characteristics which tend to identify the defendant as the perpetrator.

Trial counsel conceded the admissibility of the similar acts testimony, but strongly objected to the trial court's refusal to allow cross-examination of the witness or to otherwise inform the jury regarding defendant's acquittal of the involved charges. The people rely on *People v Oliphant*, 399 Mich 472; 250 NW2d 443 (1976), in support of the proposition that defendant's acquittal on charges arising out of the prior incidents does not bar admission of the testimony. In an earlier case involving this same defendant and charged offenses, *People v Bolden*, 92 Mich App 421; 285 NW2d 210 (1979), another panel of this Court approved the admission of similar acts testimony identical to that challenged here. The critical distinction between *Oliphant, Bolden I* and the instant case is that in the former trials, the jury was aware of the defen-

dant's acquittal. The *Bolden I* Court made the following observation concerning the similar acts testimony and defendant's acquittal on the involved charges:

"The admission of the testimony concerning prior bad acts or criminal convictions of a defendant will always have some prejudicial effect. However, in the present case, this effect was minimized, as the jury was made aware that defendant had been acquitted of the prior sexual assaults. The jury's verdict, acquitting defendant of the criminal sexual conduct charges, is further proof of the evidence's minimal prejudicial effect." 92 Mich App 421, 425.

However, we find no authority for defendant's position that failure to apprise the jury of defendant's acquittal on the similar acts charges constitutes error. The trial court in the instant case heard arguments from both counsel out of the jury's presence and concluded that earlier verdicts were irrelevant and immaterial and would only cause juror speculation regarding the earlier trial totally unrelated to the limited purpose for which the testimony was offered in the present circumstance.

The *Oliphant* Court, in explaining the rationale for admitting similar acts testimony despite acquittal on the involved charges, stated:

"Offering evidence of a prior crime, for which defendant has been acquitted, to a jury embarked on a distinct inquiry, as here, does not involve asking the second jury to convict defendant for the prior crime. It does not involve the second jury contradicting the first jury, since *the first jury did not find that defendant did not commit the crime, only that the people had not*

*proved that he had beyond a reasonable doubt."* 399
Mich 472, 498 fn 14.[1] (Emphasis supplied.)

Accord, *People v Johnston,* 328 Mich 213, 226-227;
43 NW2d 334 (1950).

We find this reasoning equally applicable to our
consideration. The prosecutor must produce evi-
dence sufficient to show that defendant "probably
committed the other acts", *People v Cook,* 95 Mich
App 645; 291 NW2d 152 (1980). If he or she can
satisfy that burden, the jury should not be con-
fused by the additional information of an acquittal
which could mislead them into believing that the
defendant absolutely did not commit the prior
similar acts. The fact that another jury harbored a
reasonable doubt as to defendant's guilt of the
other offense does not negate the substantive value
of the testimony to establish identity, scheme,
plan, etc. in the case at bar. The issue should not
be clouded by encouraging speculation regarding
the verdict reached in a separate trial on a sepa-
rate offense involving a different complainant. De-
fendant's rights were sufficiently protected by the
trial court's limiting instructions concerning the
purpose of similar acts testimony. In addition to
clearly setting forth the narrow consideration to
be given to this evidence the court cautioned the
jury not to regard it as proof of defendant's crimi-
nal disposition or guilt of other improper conduct.

Furthermore, the prejudicial impact of similar
acts testimony is not necessarily diminished when

---

[1] *People v Atkins,* 96 Mich App 672; 293 NW2d 671 (1980), should not
be read, as the dissent suggests, as being directly contradictory to
*People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976). The *Atkins*
Court analyzed *all* factors for admission of the similar acts evidence
and found no error in the trial court's decision to exclude it. Not only
was defendant acquitted of the prior acts, but there were no distin-
guishing characteristics illustrating a "trademark" of the defendant.
Finally, the trial court found that, in the balance, the similar acts
evidence was more prejudicial than probative.

the jury is informed of defendant's acquittal of the alleged offense; rather, the manner in which such evidence is presented is highly determinative of the potential for jury misuse. In *People v Corbeil,* 77 Mich App 691, 696-697; 259 NW2d 193 (1977), the trial court, in its charge to the jury, informed them of defendant's acquittal on the charges which formed the basis of the similar acts testimony. This Court, nevertheless, viewed the evidence as more prejudicial than probative:

"Moreover, the informants' testimony meandered to and fro between the events of the 21st and those of the 30th, blurring the depictions of each into a vague pattern of alleged misdeeds by the defendant. As a result, the possibility is great that the jury based its findings on a belief in the defendant's guilt of the earlier transaction, rather than on that of the January 30th occurrence."

Based on the foregoing analysis, we are inclined to agree with the trial court's ruling that earlier verdicts pertaining to the similar acts evidence are irrelevant and immaterial. We find no error in the trial court's decision to exclude this information.

We find no error on the final issue raised by defendant with respect to an error in sentencing. The Supreme Court recently decided that 1974 PA 266, which created the criminal sexual conduct statutes, MCL 750.250a *et seq.;* MSA 28.788(1) *et seq.,* does not support multiple convictions for the same sexual conduct based on varying aggravating circumstances. *People v Willie Johnson,* 406 Mich 320; 279 NW2d 534 (1979).

Reversed.

N. J. LAMBROS, J., concurred.

ALLEN, P.J., *(concurring in part, dissenting in*

*part).* I agree with the majority that reversal is required under the principles set forth in *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979). But I disagree that upon retrial testimony of defendant's acquittal on the charges introduced as similar acts cannot be offered into evidence. Rather, my position would fall somewhere between the majority opinion and the opinion expressed in the recent decision of a panel of this Court in *People v Atkins,* 96 Mich App 672; 293 NW2d 671 (1980).

In *People v Atkins, supra,* it was held that dismissal of charges and a directed verdict of acquittal as to alleged similar acts precluded the prosecution from using evidence of those similar acts against defendant in a subsequent criminal trial. I disagree with this holding because it is in direct contradiction to the Michigan Supreme Court's decision in *People v Oliphant,* 399 Mich 472, 498, fn 14; 250 NW2d 443 (1976), and *People v Johnston,* 328 Mich 213, 227; 43 NW2d 334 (1950). Evidence of similar acts need not be proven beyond a reasonable doubt. *People v Allen,* 351 Mich 535, 547; 88 NW2d 433 (1958), *People v Duncan,* 402 Mich 1, 13-14; 260 NW2d 58 (1977). Hence, failure to convict defendant of the similar act on a prior occasion does not preclude introduction of evidence of that similar act at a subsequent trial.

At the same time, I cannot agree with the majority that "earlier verdicts pertaining to similar acts evidence is irrelevant and immaterial". In establishing the similar acts of the defendant, the prosecutor must "* * * show that the defendant *probably committed* the other acts, or that the evidence offered *'may tend to show'* the defendant's intent or common scheme in committing the charged offense." (Emphasis supplied.) In short, while the proof need not be beyond a rea-

sonable doubt, there must be "substantial evidence indicating that the defendant committed the other acts". *People v Cook,* 95 Mich App 645, 655-656; 291 NW2d 152 (1980), *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955). To the extent that a prior acquittal of the alleged similar act of the defendant reflects on the accuracy of the charge that defendant committed that act, then the defendant should be entitled to show that another jury determined that he did not commit the similar act.

I appreciate the validity of the rationale of the majority that withholding from the jury information of defendant's acquittal for the similar acts avoids speculation "regarding the earlier trial". However, because of the inherently prejudicial nature of similar acts evidence, I strongly believe that the defendant should have every opportunity for minimizing the impact of that evidence so long as it is relevant. In this regard, I consider evidence of defendant's acquittal as relevant. His acquittal of the similar acts charges has a strong tendency to make more probable the fact that he did not actually commit those alleged similar acts, than it would be if that evidence had not been admitted. MRE 401.

On retrial, evidence that defendant had been tried and acquitted of the similar acts should be admitted upon request.