# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHAUNCEY TERRELL DAVIS,

Defendant-Appellant.

UNPUBLISHED
December 22, 2016

No. 328734
Wayne Circuit Court
LC No. 14-007867-FC

Before: SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of conspiracy to commit armed robbery, MCL 750.157a, and armed robbery, MCL 750.529. The trial court ultimately sentenced defendant to 110 months to 16 years' imprisonment for each conviction. We affirm.

## I. PRESERVATION

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Douglas*, 496 Mich 557, 574; 852 NW2d 587 (2014) (citation omitted). Generally, the party must object at the time of admission of the alleged improper evidence, *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004), and in order to be timely, an objection should be interposed between the question and the answer to provide the trial court an opportunity to correct the error, *People v Jones*, 468 Mich 345, 354-355; 662 NW2d 376 (2003).

## II. STANDARD OF REVIEW

We review preserved challenges to a trial court's evidentiary rulings for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). A "trial court necessarily abuses its discretion when it makes an error of law." *Id.* at 723. Additionally, we review a trial court's decision involving a preliminary question of law, such as whether a rule of evidence precludes admission of evidence, de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). If a trial court errs in admitting evidence as a matter of law, it is an abuse of discretion. *Bynum*, 496 Mich at 623. Additionally, preserved constitutional issues are generally reviewed de novo. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010).

-1-

However, we review unpreserved challenges to a trial court's evidentiary rulings for plain error affecting defendant's substantial rights. *Knox*, 469 Mich at 508. In order to show plain error, defendant must establish "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 506; 803 NW2d 200 (2011). Generally, the "third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015). Even if a defendant satisfies all three requirements, appellate reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Kowalski*, 489 Mich at 506 (quotation marks and citation omitted).

III. EVIDENTIARY CHALLENGES

A. OTHER ACTS EVIDENCE

Defendant challenges the trial court's ruling under MRE 404(b) on the admissibility of other acts evidence regarding a June 7, 2014 robbery of which he had been acquitted. Specifically, defendant contends that any evidence relating to the June 7, 2014 robbery was inadmissible under MRE 401, 402, 403, 404(a), and 404(b) because it was irrelevant and unfairly prejudicial. Because of the trial court's errors, defendant argues he was deprived of due process and a fair trial.

Generally, evidence of other crimes, wrongs, or acts is inadmissible to prove a defendant's propensity to act in conformity with such evidence. MRE 404(a). However, evidence of other crimes, wrongs, or acts may be admissible if offered for other purposes such as "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." MRE 404(b); see also *Knox*, 469 Mich at 509.

In order to introduce other acts evidence at trial, a prosecutor must establish: (1) the evidence is being offered for a nonpropensity purpose under MRE 404(b), (2) the evidence is relevant under MRE 401 and MRE 402, and (3) the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403. See *id*. Relevant evidence is that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See *People v Bass*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 327358); slip op at 6. MRE 402 provides that generally all logically relevant evidence is admissible at trial unless otherwise prohibited by the court rules, state, or federal constitutions. *People v Ackerman*, 257 Mich App 434, 439; 669 NW2d 818 (2003).

The trial court did not abuse its discretion in admitting the challenged evidence because it was offered for a nonpropensity purpose under MRE 404(b), and as such, was not excluded by MRE 404(a). Evidence stemming from the June 7, 2014 robbery was admitted for the proper nonpropensity purpose to show defendant's common plan, scheme, or system in carrying out the June 14, 2014 acts of which he was charged. See MRE 404(b).

-2-

"[E]vidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand),* 463 Mich 43, 63; 614 NW2d 888 (2000). "General similarity between the charged and uncharged acts does not, however, by itself, establish a plan, scheme, or system used to commit the acts." *Id*. at 64. "To establish the existence of a common design or plan, the common features must indicate the existence of a plan rather than a series of similar spontaneous acts, but the plan thus revealed need not be distinctive or unusual." *Id*. at 65-66 (citation omitted). "Logical relevance is not limited to circumstances in which the charged and uncharged acts are part of a single continuing conception or plot." *Id*. at 64.

Despite defendant's argument to the contrary, the evidence regarding his involvement in the June 7, 2014 robbery bears logical relevance to the charged offenses, which supports an inference that defendant carried out a similar scheme, plan, or system in committing the charged offenses. More specifically, the other acts evidence involved defendant's role in the armed robbery of Malik Ahmed and Salah Al-Muflhi, and the charged offenses involved defendant's role in the armed robbery of Haider Al-Kalidy. The two robberies occurred only a week apart. Common features include defendant luring in the victims by offering to sell electronics and used cellphones. Defendant would obtain his buyer's contact information and negotiate a price prior to their meeting and, knowing the buyers would most likely have cash in hand, defendant would have them meet him at the same location in front of the same apartment building, which was located in a dimly lit area with very few people around. Once each buyer parked in front of the designated apartment, defendant's cousin, Justin Higginbotham, would appear brandishing a weapon and demanding the buyer's money and cellphone. Based on the commonalities of each armed robbery, one could infer defendant employed a common plan, scheme, or system that involved taking advantage of the buyer-seller relationship by luring his victims into a location that placed them in a situation of increased vulnerability. The existence of this plan was relevant to the charged offenses because it made the consequence of the action more or less probable than it would be without the evidence. See MRE 401.

Furthermore, the probative value of the June 7, 2014 robbery was not substantially outweighed by the danger of unfair prejudice. MRE 403. First, there is no indication that the jury gave too much weight to the other acts evidence. Second, the trial court gave a cautionary instruction, instructing the jury to only consider the other acts evidence for the limited purpose of establishing whether defendant had used a similar plan or systematic scheme before or since the charged offenses. Thus, even if the evidence was prejudicial by nature, any unfair prejudice was minimized by the trial court's cautionary instruction. See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Moreover, because the admission of the other acts evidence was proper and a limiting instruction was given, there is no basis to conclude that defendant was denied a fair trial. See *People v Kahley*, 277 Mich App 182, 185-186; 744 NW2d 194 (2007) (stating that a trial court's cautionary limiting instruction protects a defendant's right to a fair trial).

We also reject defendant's contention that the other acts evidence was inadmissible because he had been acquitted of any charges related to the June 7, 2014 robbery. "The fact that another jury harbored a reasonable doubt as to defendant's guilt of the other offense does not negate the substantive value of the testimony to establish identity, scheme, plan, etc. in the case

at bar." *People v Bolden*, 98 Mich App 452, 461; 296 NW2d 613 (1980). In other words, the fact that defendant had been acquitted of the charges stemming from the other acts evidence was irrelevant to the charged offenses. See *id*.

Additionally, because evidence of acquittal may mislead or confuse the jury by encouraging it to reach the same verdict on separate offenses, the trial court properly concluded the jury should not be instructed on defendant's acquittal. *People v Oliphant*, 399 Mich 472, 498 n 14; 250 NW2d 443 (1976). Furthermore, while generally the Double Jeopardy Clause bars retrial, or a second prosecution, after an acquittal for the same offense, *People v Smith*, 478 Mich 292, 299; 733 NW2d 351 (2007), it will not bar the use of other acts evidence "simply because it had been offered once before in a trial dealing with an entirely separate event which resulted in acquittal," *Oliphant*, 399 Mich at 497. Accordingly, the trial court did not abuse its discretion when it admitted the other acts evidence despite defendant's prior acquittal, and defendant was not deprived of his right to a fair trial. See *Bynum*, 496 Mich at 623.

### B. SALIM'S UNRESPONSIVE TESTIMONY

Defendant also challenges the trial court's ruling on the admissibility of Mohaned Salim's statements regarding defendant's sexual exploitation of Salim's minor children on Craigslist and Salim's references to the fact that defendant had been in jail both before and during the pendency of trial. However, defense counsel failed to timely object on the same grounds defendant now asserts on appeal, and he also failed to make a motion requesting that the challenged statements be stricken from the record. See MRE 103(a); *Douglas*, 496 Mich at 574; *Knox*, 469 Mich at 508; *Jones*, 468 Mich at 354-355. Thus, the issue is unpreserved and this Court's review is limited to plain error affecting defendant's substantial rights. See *Knox*, 469 Mich at 508.

Defendant contends that Salim's statements were inadmissible under MRE 401, 402, 403, 404(a), and 404(b) because they were irrelevant and highly prejudicial. Defendant further argues that, because of the trial court's errors, he was deprived of his right to a fair trial.

The following exchange between the prosecutor and Salim constitutes the challenged testimony:

> [*Prosecutor*]: After the [personal protection order] was denied were there further phone calls from [defendant] to your phone?
>
> [*Salim*]: Yes, that and he would post adds [sic] on Craig's List [sic] for harassment.
>
> [*Prosecutor*]: What do you mean by that?
>
> [*Salim*]: He – like, for example, he put my two boys [sic] were four and nine at the time for sex on Craig's List [sic].
>
> [*Prosecutor*]: To get at you or whatever?
>
> [*Salim*]: Yeah, just – just to get at me.

-4-

[*Prosecutor*]: And what was Megan's reaction? What did you observe [sic] Megan's reaction to this phone call?

[*Salim*]: She was just kind of like heart broke cause she just started letting him, you know, somewhat back around and he's back in trouble again so she just assumed he's going to end up right back in jail.

\* \* \*

[*Prosecutor*]: Okay. When you answered that second call who was it that – who was it that called you?

[*Salim*]: [Defendant].

[*Prosecutor*]: And what did he say to you on the phone then?

[*Salim*]: He just started yelling and cussing like the usual and then, you know, I just told him that there's no point to call me, that with everything going on in your life that you need to get your priorities straight. We're not going to bring Callie around you cause [sic] you're probably going to end up back in jail.

[*Prosecutor*]: And what did he say to that?

[*Salim*]: He says, you don't need to worry about me; I do what I have to do; I'm out here robbing people just to make ends meet.

\* \* \*

[*Prosecutor*]: And have you received further phone calls since June 15, 2014 from [defendant]?

[*Salim*]: Yes.

\* \* \*

[*Prosecutor*]: Did you receive phone calls from jail from him?

[*Salim*]: A few.

Despite the numerous rules of evidence cited by defendant, the gravamen of his argument is that Salim's testimony regarding defendant's sexual exploitation of Salim's minor children and defendant's incarceration constituted inadmissible evidence because it was irrelevant under MRE 401 and unfairly prejudicial under MRE 403. Indeed, the prosecutor did not "offer" the challenged evidence at all, and thus did not implicate MRE 404(a), 404(b), or MRE 609. More specifically, the prosecutor did not offer the evidence for an improper character purpose nor did he offer the evidence for a nonpropensity purpose, which would have implicated an inquiry into

-5-

the relevancy and prejudicial impact of the evidence. Further, the prosecutor did not offer the evidence to impeach defendant on a prior conviction under MRE 609.

Rather, as defendant seems to recognize, Salim's references to defendant's sexual exploitation and incarceration were unresponsive, volunteered answers to the prosecutor's proper questions on direct examination. Nevertheless, defendant adamantly contends that such evidence was irrelevant to the crimes defendant was charged with and unfairly prejudicial as it painted defendant as a "vile trafficker of children" and "as a criminal." However, "unresponsive answers . . . are generally not considered prejudicial errors unless egregious or not amenable to a curative instruction." *People v Mahone*, 294 Mich App 208, 213; 816 NW2d 436 (2011).

It is clear from the record that the prosecutor did not encourage Salim to provide the challenged answers. In fact, the prosecutor explained that he was unaware that Salim intended to provide the challenged answers and that the only reason he made the inquiries in question was to establish the peculiar relationship between defendant and Salim. The prosecutor's inquiry was relevant to Salim's credibility as a witness. Further, the probative value of Salim's statements was not substantially outweighed by the danger of unfair prejudice. See MRE 403.

The trial court gave the jurors a curative instruction and made it clear they were not to consider Salim's testimony regarding defendant's Craigslist advertisement for the purpose that defendant is a bad person or that he is likely to commit crimes. Furthermore, in its final instructions, the trial court reminded the jurors that defendant is presumed innocent, which alleviated any prejudice created by Salim's repeated references to defendant's incarceration. Because jurors are presumed to follow their instructions, defendant cannot establish plain error. See *Abraham*, 256 Mich App at 279. Additionally, because the trial court gave both a curative and limiting instruction with regard to the challenged statements, defendant is also unable to establish his due process rights were violated. See *Kahley*, 277 Mich App at 185-186.

Even assuming defendant established an error, he is unable to demonstrate that Salim's unresponsive testimony affected the outcome of the proceedings. See *Kowalski*, 489 Mich at 506. While at one point, the prosecutor did ask Salim if defendant had called him from jail, this inquiry did not prejudice defendant. See *id*. As the trial court pointed out, there had already been several other references to defendant's incarceration during trial, and defense counsel did not object to or move to strike the unchallenged statements from the record. Given these repeated unchallenged references to his incarceration, defendant cannot show that Salim's testimony affected the outcome of the proceedings. Further, as mentioned above, any prejudicial effect caused by references to defendant's incarceration was alleviated by the trial court's final instruction that defendant was presumed innocent. See *Abraham*, 256 Mich App at 279.

More importantly, the untainted evidence against defendant was substantial. Considering the weight of the untainted evidence, defendant cannot show that he was prejudiced. See *Kowalski*, 489 Mich at 506. Accordingly, reversal is not warranted, and defendant is not entitled to a new trial.

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray