PEOPLE *v.* WILLIAM HILL

1. CRIMINAL LAW—PRESERVING QUESTION—APPEAL AND ERROR.
   Failure to present timely objections for trial court determination precludes appellate review on issues of arrest, search and seizure incident to arrest, right to counsel at a lineup, and the lineup itself, where all the facts and circumstances surrounding the issues were known to defendant and his trial lawyer before trial.

2. EVIDENCE—FINGERPRINTS—ARMED ROBBERY—PROBATIVE VALUE.
   Defendant's fingerprints and palm prints found at the scene of an armed robbery in an area to which defendant may have had access at another time can be admitted into evidence for its probative value, which may be weighed by the jury in conjunction with other evidence.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 June 8, 1971, at Lansing. (Docket No. 10183.)  Decided June 28, 1971.

William Hill was convicted of armed robbery. Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2] 29 Am Jur 2d, Evidence §§ 375, 376.
   Fingerprints, palm prints, or bare footprints as evidence.  28 ALR 2d 1115.

*James W. Lang,* for defendant on appeal.

Before: Danhof, P. J., and Bronson and O'Hara,* JJ.

Per Curiam. Defendant was charged with and convicted of armed robbery[1] on January 30, 1969, following a two-day jury trial. Defendant's motion for a new trial, in which he presented for the first time all issues he now raises for consideration on appeal, was denied July 17, 1970.

Two men robbed Block's Jewelry Store in Flint at gunpoint at about 1 p.m. on July 25, 1968. Complainant Jacob Block positively identified defendant as one of the two armed robbers. Fresh palm prints and fingerprints, which were lifted from a jewelry counter where defendant had stood admiring a watch and ring moments prior to the actual robbery, were positively identified as those of the defendant and were admitted into evidence at trial without objection. Defendant was arrested shortly before 6 a. m. on July 27, while wearing the same watch and ring he had admired in the jewelry store less than 48 hours previously, and trying to sell watches also identified at trial as part of the haul from the robbery.

Defendant testified in his own behalf, explaining that two friends had given him the watches for him to try to sell. He further testified that he had been in Block's Jewelry Store on July 23, two days before the robbery, and that no one could recall having seen him then because no one had waited on him at that time. Expert fingerprint technicians testified that any fingerprints defendant may have claimed to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

have left at the scene two days prior to the robbery would have appeared faded, and not so fresh as the palm prints and fingerprints actually collected by the police.

Defendant now seeks review of the police procedures involving his arrest, search and seizure of the jewelry in his possession at arrest, his right to counsel at the lineup, and the lineup itself. All facts and circumstances surrounding the above issues were well known by both defendant and his trial attorney in advance of the trial. No motion to suppress was raised before trial, nor was any objection raised at trial, regarding the aforesaid issues. Further, no minimal proofs of manifest injustice on the record are tendered by defendant. Failure to present timely objections for trial court determination precludes our review on these issues. *People* v. *Wilson* (1967), 8 Mich App 651, 658; *People* v. *Childers* (1969), 20 Mich App 639, 645; *People* v. *Kennedy* (1970), 22 Mich App 524, 527; *People* v. *Willie Williams #1* (1970), 23 Mich App 129, 130, 131; and *People* v. *Rowls* (1970), 28 Mich App 190, 196.

Defendant also contends that his palm prints and fingerprints were improperly admitted into evidence at trial, evidence which he neither sought to suppress nor objected to before an adverse jury verdict was rendered. To support his contention he cites cases wherein criminal convictions had been reversed because they had been based solely on the unexplained presence of a fingerprint in a place to which the defendant may have had access at another time. Such cases raise the issue of the sufficiency of the evidence, an issue not raised in the instant case.

*United States* v. *Scarpellino* (CA8, 1970), 431 F 2d 475, is more to the point. In that case, the defendant robbed a savings and loan institution at gunpoint, and was later identified by one of those pres-

ent at the robbery. A fingerprint, later identified as defendant's, which was found in the stolen getaway vehicle, was admitted into evidence at trial against the defendant despite the fact that the prosecution was unable to establish the time when it was left and where the car might have been.

"The fact that many people may have had access to the stolen car while it was on the used car lot and that the Government did not prove the car was generally inaccessible to defendant unless he had possession of it did not render inadmissible fingerprints taken from the car. The evidence had probative value and whether it supported the inference that defendant was in the car at the time it was used to flee the scene of the robbery was for the jury to determine." 431 F2d at p 478.

Such reasoning applies equally in the instant case. The palm prints and fingerprints left on the jewelry store counter constituted only a part of the evidence summoned against defendant Hill. As such it had probative value which may be weighed by the jury. Standing alone, it may be insufficient to support conviction, but the question is not the sufficiency of palm and fingerprint evidence alone. Rather, in conjunction with the other evidence presented at trial, the jury's determination was proper. Such evidence is admissible.

Affirmed.