## PEOPLE v TAYLOR

1. SEARCHES AND SEIZURES—INCIDENT TO AN ARREST—PREMISES—
AREA OF CONTROL.

The concept of search incident to an arrest is limited to the
search of the arrestee's person and the area within his immedi-
ate control and cannot be used to justify the search of the
entire premises in which the defendant was arrested.

2. SEARCHES AND SEIZURES—PREMISES—CONSENT—BURDEN OF PROOF.

The burden of proof is upon the prosecution to show that a
person who was not the defendant who gave her consent to a
search was authorized to do so and did so freely and voluntarily
where it is claimed by the prosecution that consent to the
search of the premises was freely given.

3. SEARCHES AND SEIZURES—CONSENT—PREMISES—OWNER AND TEN-
ANT—JOINT OWNERSHIP—JOINT AND SEVERAL OWNERSHIP—SUP-
PRESSION HEARING—EVIDENCE—HEARSAY.

An owner may not give consent to a search of the premises of a
tenant unless such consent is contractually provided; a joint or
joint and several owner may consent to a search of commonly
used areas, but not a search of defendant's private room;
hearsay evidence and testimony of a defendant which may be
inadmissible at a trial may be admitted at a suppression
hearing to determine the fact of joint ownership and consent.

4. SEARCHES AND SEIZURES—HARMLESS ERROR—IDENTIFICATION.

The admission of evidence seized during an improper search and

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 92–98.

Constitutionality of searching premises without search warrant as
incident to valid arrest—Supreme Court cases. 23 L Ed 2d 966.

[2] 68 Am Jur 2d, Searches and Seizures § 100.

[3] 68 Am Jur 2d, Searches and Seizures § 52.

Authority to consent for another to search or seizure. 31 ALR2d
1078.

[4] 29 Am Jur 2d, Evidence § 411 *et seq.*

[5] 29 Am Jur 2d, Evidence § 327.

62 Am Jur 2d, Pretrial Conference and Procedure § 15 *et seq.*

seizure cannot be held as harmless error where the record does not show adequate identification of defendant by other means and little detail of the nature of the police investigation was presented; when the record is insufficient to show that the error was harmless, the conviction must be reversed and the matter remanded for a new trial.

5. CRIMINAL LAW—PRIOR CONVICTIONS—PRETRIAL—IMPEACHMENT.

A pretrial determination should be made by the trial court as to whether a defendant's prior convictions should be used for impeachment purposes.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted November 12, 1975, at Detroit. (Docket No. 23982.) Decided January 27, 1976.

Alonzo F. Taylor was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was convicted of armed robbery, MCLA 750. 529; MSA 28.797, after a bench trial in Detroit Recorder's Court. He was subsequently sentenced to a term of from 3 to 20 years in prison.

Defendant was charged with having committed the crime of robbery armed on January 21, 1975. Complainant testified at trial that he met defendant on a street in the city of Detroit and the

defendant asked him to drive defendant to a location in the city for a dollar. When the parties reached the location the complainant stopped the car and waited for the defendant to pay him the dollar. Instead, defendant reached into his jacket and pulled out a gun. He took the leather coat which complainant was wearing as well as his watch.

Approximately one or two weeks later complainant saw the defendant on the street, and he recognized the leather coat which defendant was wearing as the one that had been taken from him. At a later time, the complainant's brother also saw the defendant on a street in Detroit wearing the same leather coat. He followed the defendant to his residence and notified his brother who called the police.

During the police investigation of the alleged armed robbery, police went to a house to which defendant had been followed by complainant's brother. An older woman answered the door and the police were admitted. They looked for the defendant inside the house but at the time they did not find him. The police left the house but two officers waited near the house for a short period of time. While they were waiting, they observed the defendant walking down the street. He matched the description given police by the complainant and was wearing a leather coat which fit the description of the coat described in the complaint filed with the police. Defendant then entered the house which was under police surveillance.

At this time, the police reentered the house, found the defendant hiding in the attic and placed him under arrest. After the police had arrested the defendant, they discovered the leather coat under a couch in the living room. The police did

not have a search warrant at the time of the defendant's arrest.

On appeal defendant raises one claim of error which appears meritorious. He contends that the admission into evidence of the leather coat represents a reversible error because it was seized by police as the result of a warrantless search conducted in violation of US Const, Am IV and Const 1963, art 1, § 11.

We find from a review of the record that our ability to resolve this claim is irremediably impaired by the confusing and cursory way in which the trial was conducted. The prosecutor and defense counsel combined to create a transcript devoid of the facts necessary to determine the validity of the challenged search.

Rather than holding a pretrial suppression hearing, the appropriate vehicle for such a claim, *People v Hill,* 34 Mich App 669; 192 NW2d 84 (1971), the prosecutor and defense counsel agreed to resolve the issue at trial. For most of the trial, the leather coat was deemed a "proposed exhibit". Random interjections by the parties served as an argument. At one critical point in an officer's description of the search the prosecutor felt it necessary to add some extraneous nonjudicial material, apparently in an attempt at comic relief. Finally, the trial court held that the coat was legitimately seized as part of a "search incident to an arrest".

Under the limited facts here we can hold that, of the possible exceptions to the warrant requirement, the "search incident to an arrest" exception clearly does not apply. The parameters of that exception were set forth in *Chimel v California,* 395 US 752, 763; 89 S Ct 2034; 23 L Ed 2d 685 (1969):

"There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control' —construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.

"There is no comparable justification, however, for routinely searching any room other than that in which an arrest occurs—or, for that matter, for searching through all the desk drawers or other closed or concealed areas in that room itself. Such searches, in the absence of well-recognized exceptions, may be made only under the authority of a search warrant." (Footnote omitted.)

In the instant case, defendant was arrested in the attic. After the arrest, the challenged evidence was found on the first floor in a hole concealed by a rug and a couch. The police apparently searched the entire house.

Plaintiff claims on appeal that the police were given consent to search the house. When the state seeks to rely on consent to justify a search, it has the burden of proving that the person who gave the consent was authorized to do so and did so freely and voluntarily. *Bumper v North Carolina,* 391 US 543; 88 S Ct 1788; 20 L Ed 2d 797 (1968). The record is devoid of facts necessary to determine the extent to which the woman who admitted police to the house could authorize a search and the extent to which she did so.

We similarly find no indication as to defendant's connection with the house. An owner of a house may not give consent to search the premises of a tenant unless such consent is contractually provided, *Stoner v California,* 376 US 483; 84 S Ct 889; 11 L Ed 2d 856 (1964), *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973). If the property

was held jointly, the woman could have legiti-
mately consented to a search of areas commonly
used, but not to defendant's private room. *People v
Chism, supra, People v Douglas,* 50 Mich App 372;
213 NW2d 291 (1973). The same applies to joint
and several ownership of property within the
house, *Frazier v Cupp,* 394 US 731; 89 S Ct 1420;
22 L Ed 2d 684 (1969). The fact of joint use and
consent may be proven at a suppression hearing
by hearsay evidence and by the testimony of de-
fendant which would be inadmissible at trial.
*United States v Matlock,* 415 US 164; 94 S Ct 988;
39 L Ed 2d 242 (1974).

There is also no indication that the consent was
given freely and voluntarily. In fact, there appears
to have been some resistance to the second entry
of the police into the house. Also, no reason was
given for police failure to secure a search warrant.

In addition, the record provides little aid in
determining whether, if the admission of the chal-
lenged evidence was error, it was harmless or
reversible. *People v Swan,* 56 Mich App 22; 223
NW2d 346 (1974). Little evidence was presented to
detail the nature of the police investigation or the
identification of defendant.

As another panel of this Court has recently
done, *People v Langley,* 63 Mich App 339; 234
NW2d 513 (1975), we must, therefore, reverse
defendant's conviction and remand for a new trial
to be preceded, if defendant so desires, by a sup-
pression hearing. If a new trial is held, the trial
court shall, pursuant to *People v Jackson,* 391
Mich 323; 217 NW2d 22 (1974), make a pretrial
determination as to the use of defendant's prior
convictions for impeachment purposes.

Reversed and remanded.