PEOPLE v MAJOR

Docket No. 62316. Decided December 10, 1979. On request by the
defendant for review of the record the Supreme Court, in lieu
of granting leave to appeal, reversed the defendant's conviction
and remanded to the Recorder's Court of Detroit for a new
trial. Reconsideration granted *post*, 1165.

James C. Major was convicted by Recorder's Court of Detroit,
Dalton A. Roberson, J., of second-degree criminal sexual con-
duct. The testimony was conflicting on the issue whether the
defendant kissed an 11-year-old girl on the breast in her
girlfriend's presence. The defendant denied touching the com-
plainant, and her girlfriend denied that the incident had occur-
red. The prosecutor introduced, under the "similar acts" stat-
ute, evidence that the defendant had exposed himself to two
other young girls on other occasions. The Court of Appeals,
J. H. Gillis, P.J., and V. J. Brennan and Bashara, JJ., affirmed
in an unpublished per curiam opinion (Docket No. 78-277). The
defendant requests review of the record. *Held:*

1. To the extent that the prior acts of the defendant involved
sexual improprieties with young girls, it can be said that they
were similar to the act for which the defendant was being tried.
However, such a conclusion does not in itself justify admission
of this kind of evidence. The legitimacy of similar acts evidence
generally is its tendency either to identify the defendant as the
unknown actor in an alleged criminal act or to negate the
suggestion, normally advanced by the defendant, that the act in
question, although performed by him, was not criminal because
it was unintended, accidental, a mistake, or otherwise innocent.

2. The proper introduction of similar acts evidence involves
direct proof of three propositions from which a fourth is infera-
ble and thus proved circumstantially. 1) The manner in which
the criminal act in question, or some significant aspect of it,
was performed bore certain distinguishing, peculiar or special
characteristics. 2) Certain specific similar acts, contemporane-
ous with or prior to or subsequent to the act in question, bore
the same distinguishing, peculiar, or special characteristics. 3)
The similar acts were performed by the defendant. 4) Accord-
ingly, the crime in question was committed by the defendant.

3. It is the common distinguishing characteristics of the

defendant's acts which constitute them "similar" within the meaning of the statute and the Michigan Rules of Evidence. The common characteristics which personalize the defendant's acts are said to be his "signature" which identifies him as the perpetrator, or if his identity is not contested, negates the suggestion that his behavior in performing the challenged act was unintended, accidental, a mistake or otherwise innocent. However, it must be shown as a condition precedent to the admission of such evidence that the defendant's motive or intent, the absence of mistake or accident on his part, or his scheme, plan, or system in doing an act is material, *i.e.,* that one of these is a proposition which is "in issue" in the case.

4. Except to the extent that proof of all criminal acts requires proof of wrongful purpose or *mens rea,* the defendant's motive or intent were not material in this case, in the sense of being separately "in issue". But even if they had been in issue, the evidence was without probative value in proving the defendant's motive or intent. Evidence of the prior acts in this case simply tends to show that the defendant had misbehaved sexually in the past. Since there has been no showing that the evidence was material or relevant, it was admitted in error. The case essentially was one which turned upon an assessment of credibility. The complainant testified that the sexual misconduct took place. The defendant denied it and was supported in his denial by the testimony of the complainant's girlfriend. On this record, the error is not harmless.

Justice Williams concurred in a separate opinion, adding that since the "like acts" are in fact neither similar nor with a tendency to show the defendant's scheme, plan, or system, the statute does not warrant their admission.

The defendant's conviction is reversed, and the case is remanded to the Recorder's Court of Detroit for a new trial.

James C. Major, *in propria persona.*

PER CURIAM. The defendant was tried by a judge of the Recorder's Court of Detroit and was convicted of criminal sexual conduct in the second degree.[1] It was alleged that he had kissed the breast of 11-year-old Malinda Randolph. The question for our review is the propriety of the trial

[1] MCL 750.520c(1)(a); MSA 28.788(3)(1)(a).

judge's admission of evidence of allegedly similar acts committed by the defendant on prior occasions.

Malinda Randolph, the complainant, testified that while she was visiting a friend, Paula Cash, the defendant arrived and went into the bathroom. At one point, Paula and the defendant entered the living room to join Malinda. The defendant was "bothering" Paula's breasts. Paula told the defendant to "bother" Malinda. The defendant responded by lifting Malinda's shirt and by putting his mouth on her breast. Defendant thereafter left. Two days later Malinda reported this incident to her mother.

Paula, also 11 years old, testified that the incident described by Malinda did not occur. Paula did acknowledge that on the occasion in question the defendant came to her house and used the bathroom.[2]

The defendant denied touching Malinda. He testified that on the day in question Malinda and Paula were comparing their sexual development as to the amount of hair and breast size and that Malinda pulled her skirt up and her pants down to make a comparison with Paula. The defendant told them that "it wasn't nice" and threatened to inform their mothers about their behavior.

During the course of this trial, the prosecutor, over defense counsel's objections, was permitted to call as witnesses two girls of about the same age as Paula and Malinda. These girls stated that the defendant had exposed himself to each of them on a prior occasion. In addition, one of the girls stated that the defendant had masturbated in front of

[2] Paula had lived with Major and his wife while waiting for her parents to come up from the South. The Majors lived down the street from the Cashes. Major stopped in at the Cashes' often to visit with Paula and her family.

her and had touched her chest. The rationale advanced in support of the reception of this evidence was that it was admissible under the "similar acts" statute. MCL 768.27; MSA 28.1050[3] provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

The trial judge agreed that the testimony was admissible.

The Court of Appeals, in affirming, concluded that the "similar acts" testimony was properly admitted because it related to the defendant's "motive and intent".

We cannot agree with either the trial court or the Court of Appeals. To the extent that the prior acts of the defendant involved sexual improprieties with young girls, it can be said that such acts were similar to the act for which the defendant was

---

[3] See, also, MRE 404(b) adopted March 1, 1978, which now supersedes MCL 768.27; MSA 28.1050:

"Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

being tried. However, such a conclusion does not in itself justify admission of this type of evidence.

The legitimacy of similar acts evidence generally is its tendency either to identify the defendant as the unknown actor in an alleged criminal act or to negate the suggestion, normally advanced by the defendant, that the act in question, although performed by him, was not criminal because it was unintended, accidental, a mistake or otherwise innocent.

The evidential process by which similar acts evidence is properly introduced involves direct proof of three propositions from which a fourth is inferable and thus proved circumstantially. They are:

1) that the manner in which the criminal act in question or some significant aspect of it was performed bore certain distinguishing, peculiar or special characteristics;[4]

2) that certain specific similar acts, performed contemporaneously with or prior to or subsequently to the act in question, bore the same distinguishing, peculiar or special characteristics;

3) that the similar acts were performed by the defendant; and

4) that, accordingly, the crime in question was committed by the defendant.

It is the distinguishing characteristics which constitute the acts as similar within the meaning of MCL 768.27 and MRE 404(b), not the fact that all constitute the same crime or are violative of the same statute. The distinguishing, peculiar or special characteristics which are common to the acts and thus personalize them are said to be the

_____

[4] The distinctiveness of the special characteristics with which the act was performed becomes fully evident, of course, only when all four steps in the proof process are completed.

defendant's "signature" which identifies him as the perpetrator, or, if his identity is not contested, negates the suggestion that his behavior in performing the challenged act was unintended, accidental, a mistake, or otherwise innocent.

However, as a condition precedent to the admission of such evidence under the statute at the time of trial and MRE 404(b) now, it must first be shown as a threshold requirement, that "the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is *material"*. (Emphasis added.)

We are unconvinced that the statutory purposes cited by the Court of Appeals in this case as justifying admission of the similar acts evidence—"to show motive and intent"—were material within the meaning of the statute.

In *People v Oliphant,* 399 Mich 472, 488-489; 250 NW2d 443 (1976), we quoted the following definition of this concept set forth in McCormick on Evidence (2d ed), § 185, p 434:

" 'In the courtroom the terms relevancy and materiality are often used interchangeably, but materiality in its more precise meaning looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to prove a proposition which is not a matter in issue or probative of a matter in issue, the evidence is properly said to be immaterial. As to what is "in issue", that is, within the range of the litigated controversy, we look mainly to the pleadings, read in the light of the rules of pleading and controlled by the substantive law.' "

And we added:

"Under this definition evidence probative of a matter 'in issue' is material".

Similar acts evidence then, must qualify for admissibility on two levels: 1) It must be probative of one or more of the statutorily specified purposes, and 2) one or more of those purposes must be material, that is, a proposition "in issue" in the case.

Except to the extent that proof of all criminal acts requires proof of wrongful purpose or *mens rea,* the defendant's motive or intent were not material in this case in the sense of being propositions separately in issue. The defendant made no claim, for example, that he kissed Malinda Randolph unintentionally or with some innocent intent or purpose nor did he claim he did so out of any justifiable motive. Had he made such claims in defense or explanation of the behavior attributed to him, he would have placed his intent or motive in issue and thus constituted them propositions material to the case in the sense that term is used in the statute.[5] Had that been the situation, evidence of the prior sexual acts may have been admissible as tending to show that since he performed similar acts of sexual degeneracy on small girls on earlier occasions, his claim that his intent and motive were innocent in this case is unlikely to be true.

Evidence of the prior sexual acts in this case, however, not only was without probative value in proving the defendant's motive or intent, thus failing at the first threshold of admissibility, but motive or intent were not material in the sense that they were not propositions in issue, within the meaning of the statute in question. Evidence of the prior acts simply tends to show that the defen-

---

[5] We do not mean by this example to imply that this is the only fashion in which "motive" might be material in a case such as this. Motive might become material in a case in which the criminal actor's identity is controverted or in other ways.

dant had misbehaved sexually in the past. Since the evidence failed to pass muster both as to relevancy and materiality, it was admitted in error.

We are not disposed, on this record, to conclude that the error was harmless. The case essentially was one which turned upon an assessment of credibility. The complainant testified that the sexual misconduct took place. The defendant denied it and was supported in his denial by the testimony of Paula Cash. Given the evidence, we are unable to conclude that the error in admitting the similar acts evidence was not prejudicial.

Accordingly, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the defendant's conviction and remand the case to the Recorder's Court for a new trial.

COLEMAN, C.J., and KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

WILLIAMS, J. *(concurring)*. I concur fully in the per curiam opinion except that I would add that, since the allegedly "like acts" are in fact neither similar nor with a tendency "to show * * * defendant's scheme, plan or system in doing the act, in question," there is no statutory warrant to admit them in proof.