PEOPLE v HILL

Docket No. 44831. Submitted April 14, 1980, at Detroit.—Decided August 13, 1980. Leave to appeal denied, 410 Mich 863.

Timothy J. Hill was convicted, following a jury trial, of attempted breaking and entering an occupied dwelling with intent to commit a larceny, Wayne Circuit Court, Harry J. Dingeman, Jr., J. During the trial the prosecution was permitted to inquire of defendant whether he had previously broken into an apartment by use of a crowbar, to which the defendant answered in the affirmative. No further development was made of the issue of the prior act. The nature of the evidence of the case at bar was that the defendant was trying to open the doors and peering in the windows of the subject premises. Defendant appeals. *Held:*

In order to admit evidence of similar acts for the purpose of showing a defendant's motive, intent or the absence of mistake or accident on the defendant's part or the defendant's scheme, plan or system in doing the act at issue, there must first be a showing that such evidence would be probative of one of those noted purposes and that one of those purposes is material to a question in the case at bar. Since the evidence of the prior act was cursory and undeveloped and the prosecution failed to demonstrate any distinctive similarity between the prior act and the act at issue, the evidence of the prior act was wholly lacking in probative value for the purpose of establishing the defendant's specific intent relative to the case at bar. The evidence of this prior similar act, thus, was not properly admitted under the similar acts statute, and the erroneous admission of that evidence was not harmless error.

Reversed and remanded for a new trial.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PURPOSE — PROBATIVE VALUE — MATERIAL TO ISSUE — STATUTES.

Evidence of a criminal defendant's prior similar acts may be admitted to show the defendant's motive, intent or the absence of mistake or accident on his part or his scheme, plan or

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 324-326.

system in doing the acts, provided that it is established that the evidence sought to be introduced is probative of the noted purposes and one or more of those purposes is material to a matter at issue in the case (MCL 768.27; MSA 28.1050).

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — DEGREE OF SIMILARITY — INTENT — STATUTES.

Evidence of a defendant's prior attempt to break and enter is not properly admissible under the similar acts statute for the purpose of showing the defendant's specific intent where there is no showing that there were distinguishing similarities between the prior act and the acts giving rise to the case at bar such that evidence of the fact of the defendant's prior act would be of probative value relative to the question of the defendant's intent with respect to the act at issue (MCL 768.27; MSA 28.1050).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Michael Lehto,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Green,* for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and D. F. WALSH, JJ.

PER CURIAM. The defendant was found guilty by jury of attempting to break and enter an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, MCL 750.92; MSA 28.287. He was sentenced to two to five years imprisonment and appeals as of right.

The defendant contends that the evidence of the defendant's prior breaking and entering, introduced by the prosecution at trial, was erroneously admitted under the similar acts statute. We agree and reverse defendant's conviction.

The defendant was apprehended outside the complainant's house following the complainant's

call to the police. The complainant testified that the defendant was trying to open the doors of the house and was peering into her windows. She was naturally apprehensive that the defendant would break in. The defendant had been attending a party that evening in the complainant's neighborhood, and there was testimony that the defendant had been drinking heavily and was intoxicated to the point of stupor. The police told a different story. While one officer noted the smell of liquor on the defendant's breath, neither apprehending officer noted any overt signs of excessive intoxication. No sobriety test was administered.

Evidence of similar acts may be admitted in any criminal case, to show a defendant's "motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question". MCL 768.27; MSA 28.1050. Under the holding of *People v Major,* 407 Mich 394, 400; 285 NW2d 660 (1979), there are two prerequisites to admitting such evidence:

"1) It must be probative of one or more of the statutorily specified purposes, and 2) one or more of those purposes must be material, that is, a proposition 'in issue' in the case."

The prosecution's introduction of similar acts evidence was cursory and undeveloped, the prosecution merely asking the defendant if he had broken into the apartment of another named person with a crowbar approximately a year and a half before. The defendant answered affirmatively. The prosecution, during closing arguments, did, however, emphasize this evidence as tending to nullify the defense of intoxication negating specific intent. We view the evidence so admitted as wholly lacking in probative value under the stan-

dard set forth in *Major, supra,* and by this Court in such cases as *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *lv den* 403 Mich 849 (1978), *People v Kraai,* 92 Mich App 398; 285 NW2d 309 (1979), *People v Bolden,* 92 Mich App 421; 285 NW2d 210 (1979), and *People v Bates,* 94 Mich App 568; 288 NW2d 655 (1980).

In *Major,* the Court stated:

"It is the distinguishing characteristics which constitute the acts as similar within the meaning of MCL 768.27 and MRE 404(b), not the fact that all constitute the same crime or are violative on the same statute. The distinguishing, peculiar or special characteristics which are common to the acts and thus personalize them are said to be the defendant's 'signature' which identifies him as the perpetrator, or, if his identity is not contested, negates the suggestion that his behavior in performing the challenged act was unintended, accidental, a mistake, or otherwise innocent." *Major, supra,* 398-399.

While the defendant's intent is clearly in issue here, there has been no requisite showing that the defendant's prior act is probative in demonstrating defendant's intent in committing the offense charged in the instant case. See *Wilkins, supra,* 267. It is not enough merely to show that the defendant made an earlier attempt to break and enter, as specific intent on an earlier occasion is not in itself probative in proving specific intent on the present occasion.

What is required is a showing that the defendant's "signature" on an earlier offense is "distinguishing, peculiar or special enough" to demonstrate that defendant held the specific intent to commit larceny in the instant case. The degree of specificity required is substantial. See *Bolden, supra, Bates, supra.* Certainly that burden was not

met by evidence that the defendant previously entered another dwelling with a crowbar. In the instant case, no tools were found on the defendant at the time of his apprehension. The prosecution demonstrated no similarities between the two offenses that could indicate the defendant's specific intent in the case at bar. Such evidence was admitted in error. Not finding the error to be harmless beyond a reasonable doubt, we reverse the defendant's conviction.

The defendant further contends ·that the evidence was not sufficient to support the verdict that the defendant held the specific intent to commit larceny. The question is a close one; however, we are persuaded the evidence was sufficient to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Reversed and remanded for a new trial.