PEOPLE v DEVINE

Docket No. 97794. Submitted February 3, 1988, at Lansing. Decided
    April 18, 1988. Leave to appeal applied for.

William D. Devine was convicted following a jury trial in the
    Jackson Circuit Court of second-degree criminal sexual conduct.
    The trial court, James G. Fleming, J., sentenced defendant to
    from four to fifteen years imprisonment. Defendant appealed.

The Court of Appeals *held:*

The trial court erred in admitting evidence of a prior bad act
    allegedly committed by the defendant. To introduce prior bad
    act evidence under the exceptions to the general rule of exclu-
    sion listed in MRE 404(b), the prosecution must specifically
    identify the exception applicable and make a showing that the
    *exception is material, or in issue.* Here, the prosecution failed
    to specify under which exception the evidence was admissible
    or demonstrate that defendant placed any of the exceptions in
    issue. The trial court also erred in finding that defendant's plea
    of not guilty placed all of the elements of the charged offense in
    issue. The prosecution failed to show that any of the exceptions
    were material. The erroneous admission of the evidence was
    not harmless.

Reversed and remanded.

1. EVIDENCE — CRIMINAL LAW — PRIOR BAD ACTS.

The use of evidence of other crimes, wrongs or acts to prove the
    character of a person in order to show that he acted in
    conformity therewith is generally prohibited; before such evi-
    dence may be admitted as an exception to the general rule: (1)
    there must be substantial evidence that the defendant actually
    perpetrated the bad act sought to be introduced; (2) there must

REFERENCES

Am Jur 2d, Criminal Law §§ 183 *et seq.*

Am Jur 2d, Evidence §§ 320 *et seq.*

Admissibility in rape case, of evidence that accused raped or
    attempted to rape person other than prosecutrix. 2 ALR4th 330.

Admissibility, in prosecution for sexual offense, of evidence of other
    similar offenses. 77 ALR2d 841.

Admissibility, in civil assault and battery action, of similar acts or
    assaults against other persons. 66 ALR2d 806.

be some special quality or circumstance of the bad act tending to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan or system in doing the act and opportunity, preparation and knowledge; (3) one or more of these factors must be material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced must not be substantially outweighed by the danger of unfair prejudice (MRE 404[b]).

2. EVIDENCE — CRIMINAL LAW — PRIOR BAD ACTS.

A prosecutor, to introduce evidence of a defendant's prior bad acts under an exception to the general rule of exclusion of such evidence, must specifically identify the exception applicable and make a showing that the exception is material, or in issue (MRE 404[b]).

3. CRIMINAL LAW — TRIAL — ISSUES.

It is the defense, not the prosecution, that chooses the issues in a case; a defendant's plea of not guilty does not place each element of the charged offense in issue; which matters are placed in issue is a tactical decision left solely to the defendant's discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Paul R. Adams,* for defendant.

Before: BEASLEY, P.J., and G. R. McDONALD and J. P. JOURDAN,* JJ.

G. R. McDONALD, J. Defendant appeals as of right from his jury trial conviction of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and sentence of four to fifteen years imprisonment.

Defendant raises several issues on appeal. However, we find one issue dispositive and reverse. We

* Circuit judge, sitting on the Court of Appeals by assignment.

believe the trial court erred in admitting evidence of a separate uncharged crime.

The incident underlying defendant's conviction occurred on August 5, 1985. The victim, a twelve-year-old boy, arrived at defendant's video arcade sometime around 1:00 P.M. Defendant offered the victim refreshments and money to play the video games. Excluding one short interruption, defendant and the victim were alone in the arcade. The victim testified that while he was seated, playing one of the games, defendant placed his hand on the victim's thigh, moved it to the victim's penis and requested permission to perform fellatio upon the victim. The victim then left the arcade and reported the incident to his mother.

Prior to trial, the prosecution moved to admit evidence of alleged prior sexual misconduct committed by defendant. A hearing on the motion was held on February 18, 1986. The prosecution argued that evidence of the prior act was admissible under MRE 404(b), because it was similar to the instant offense and would tend to show "an absence of mistake or accident, et cetera, or intent et cetera . . . ." The prosecution conceded that identity would not be an issue at trial.

Defense counsel argued that the alleged prior bad act evidence was inadmissible as it was highly prejudicial and not relevant or material. Defense counsel noted that there was no indication that defendant's intent would be an issue at trial. No claim had been made that the incident was an "accident, mistake or misjudgment."

The trial court ruled admissible the prior bad act evidence stating that its admission would "avoid a possible claim of accident or mistake by defendant . . . ." The trial court further stated that the evidence was material to the determination of defendant's guilt and that the similarities

between the prior act and the instant offense were "strikingly the same." The court also found that defendant had placed each element of the charged offense in issue by pleading not guilty.

Evidence of the prior bad act was presented at trial. The victim of the prior bad act testified that he was sexually assaulted in August, 1984, at age sixteen, by defendant, at defendant's video arcade. He testified that defendant forced him into a back room, performed fellatio on him and forced him to engage in anal intercourse. We believe this testimony was not properly admissible and that the probable prejudice caused warrants reversal.

Generally, the use of evidence of other crimes, wrongs or acts to prove the character of a person in order to show that he acted in conformity therewith is prohibited. MRE 404(b). The policy underlying this general exclusion of similar bad acts evidence is the desire to avoid the danger of conviction based upon a defendant's history of other misconduct rather than upon the evidence of his conduct in the case in issue. *People v Golochowicz*, 413 Mich 298; 319 NW2d 518 (1982). Although there are statutory and decisional exceptions to this general rule of exclusion, such exceptions have been confined to a few narrowly defined circumstances and must meet a number of evidentiary safeguards. Before evidence of the defendant's other misconduct may be admitted:

> (1) [T]here must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced; (2) there must be some special quality or circumstance of the bad act tending to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan or system in doing the act and, in light of the slightly different language of MRE 404(b) we add, opportunity, preparation and knowledge; (3) one or

more of these factors must be material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced must not be substantially outweighed by the danger of unfair prejudice. [413 Mich 309.]

The first and perhaps most important determination the trial court must make is whether the proposed evidence is probative of one or more of the exceptions specified in the rule *and* whether that exception is material, that is, a proposition "in issue" in the case. *People v Major*, 407 Mich 394; 285 NW2d 660 (1979).

To introduce evidence under the exceptions listed in MRE 404(b), the prosecution must *specifically* identify the exception applicable *and* make a showing that the exception is material, or in issue. However, it is the defense and not the prosecution that chooses the "issues" in a case. The prosecution always has the burden of proof beyond a reasonable doubt as to all elements of the crime charged. A defendant's plea of not guilty does not place each element in issue. Rather, which matters are placed "in issue" is a tactical decision left solely to the defendant's discretion. Which matters are in fact placed in issue may be evidenced by the issues raised before or during trial, such as through counsel's opening statement, a motion in limine, the nature of cross-examination by the defense or evidence offered by the defense. *Golochowicz, supra.*

In the instant case, the prosecution failed to specify under which exception the evidence was admissible. Instead, the prosecution loosed a "shotgun fusillade" of reasons which included most of the purposes named in the statute. Such an approach is not favored and usually hints that the prosecutor has an inadequate understanding of the

correct application of the rule. *Golochowicz, supra.* The prosecution also failed to demonstrate that defendant placed any of the exceptions in issue, and the trial court erred in finding that defendant's plea of not guilty placed all elements of the charged offense in issue.

After examining the record we do not believe defendant placed any of the exceptions contained in MRE 404(b) in issue. The prosecution conceded at the hearing that identity was not to be in issue, and defense counsel stated that accident or mistake was not claimed thereby negating the trial court's finding that motive and intent were "possibly" to be placed in issue. Thus, as none of the exceptions were placed "in issue" by defendant, the prosecution necessarily failed to show that any of exceptions were "material." *Golochowicz, supra.* We therefore find that the prior bad acts evidence was improperly admitted. Given the graphic nature of the testimony by the victim of the prior bad act regarding defendant's alleged sexual assault, we cannot say that its admission was harmless error and, therefore, reverse defendant's conviction and remand for a new trial.

Reversed and remanded.