### PEOPLE v GAST (ON REMAND)

Docket No. 129648. Submitted June 7, 1990, at Lansing. Decided
    December 5, 1990, at 9:01 A.M. Leave to appeal sought.

Charles M. Gast was convicted of second-degree criminal sexual
    conduct following a jury trial in the Oakland Circuit Court,
    Steven N. Andrews, J. The defendant appealed, claiming that
    the trial court erred in ruling that the testimony of two
    prosecution witnesses with regard to physical contact initiated
    by the defendant was admissible under MRE 404(b) as evidence
    of other similar acts. The Court of Appeals affirmed in an
    unpublished opinion per curiam decided January 22, 1988
    (Docket No. 95879). The Supreme Court, in lieu of granting
    leave to appeal, remanded for reconsideration in light of *People
    v Engleman,* 434 Mich 204 (1990). 434 Mich 915 (1990).

On remand, the Court of Appeals *held:*

The defendant's admission that he had hugged and touched
    the complainant and the prosecution witnesses put in issue the
    question of his intent, allowing admission of the witnesses'
    testimony under MRE 404(b) as proof of that intent.

Affirmed.

McDONALD, J., dissenting, stated that admission of testimony
    regarding other bad acts of the defendant was error because at
    the time the trial court made its ruling none of the exceptions
    offered by the prosecution with respect to admissibility under
    MRE 404(b) were material, i.e., in issue of the witnesses'
    testimony. The ruling was made in response to the defendant's
    pretrial motion in limine at which he sought to exclude the
    testimony, not during trial, and the prosecution introduced the
    testimony in its case in chief and not in rebuttal. The convic-
    tions should be reversed and separate trials conducted.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Thomas S. Richards,* Assis-
tant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for the defendant.

ON REMAND

Before: DANHOF, C.J., and SULLIVAN and McDONALD, JJ.

DANHOF, C.J. On January 22, 1988, we issued an unpublished opinion per curiam affirming defendant's jury convictions of three counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a) (Docket No. 95879). We held that, since defendant had admitted hugging the complainant girls, but denied that he touched them for sexual purposes, he had put intent in issue and the trial court properly ruled that under MRE 404(b) the girls could testify in the separate trials. Judge McDONALD dissented, believing that, since defendant simply denied altogether touching the girls in improper places, defendant had not put intent in issue. On May 30, 1990, our Supreme Court, in lieu of granting leave to appeal, remanded the matter to this Court for reconsideration in light of *People v Engelman,* 434 Mich 204; 453 NW2d 656 (1990), 434 Mich 915 (1990). We again affirm.

We find nothing in *Engelman* mandating a different result in our case. As we read the opinion, *Engelman* primarily concerned the second part of the test of *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982), for admissibility of other acts evidence under MRE 404(b); whereas our decision focused on the third part of the *Golochowicz* test. The *Engelman* Court said that the prosecution had failed to establish that one of the MRE 404(b) exceptions, or any other permissible inference, had been established. The Court expressly

stated that, since it was deciding the case on the basis of the second part of the *Golochowicz* test, it did not need to extensively discuss the remaining parts of the test. *Engelman, supra,* p 224.

The instant case, on the other hand, revolved solely around the third part of the *Golochowicz* test, which requires that the issue or fact to be proved by the proffered evidence be material or "in issue," in that it was put in issue by the defense. The narrow dispute between our opinion and Judge McDonald's dissent concerned whether defendant's admission that he hugged and otherwise touched the girls put in issue the question of his intent. We decided that since defendant had not completely denied physical contact, but had claimed that his contact was innocent, this case was more akin to *People v Vesnaugh,* 128 Mich App 440; 340 NW2d 651 (1983), where the similar acts testimony was permitted, than it was to *People v Major,* 407 Mich 394; 285 NW2d 660 (1979), where the defendant had simply denied altogether any physical contact. We adhere to this viewpoint, and, as stated, we find nothing in *Engelman* which would affect our decision in this regard. Therefore, we once again affirm defendant's conviction.

Affirmed.

SULLIVAN, J., concurred.

McDONALD, J. *(dissenting).* I respectfully again dissent.

It is clear that the general rule bans use of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he acted in conformity therewith. MRE 404(b). This rule evolved to avoid the danger of conviction based upon a defendant's history of other misconduct rather than upon the evidence of his conduct

in the case in issue. Although there exists statutory and decisional exceptions to this general rule of exclusion, such exceptions have been confined to a few narrowly defined circumstances and are required to meet a number of evidentiary safeguards. Before evidence of the defendant's other misconduct may be admitted,

> (1) there must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced; (2) there must be some special quality or circumstance of the bad act tending to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan, or system in doing the act and . . . opportunity, preparation and knowledge; (3) one or more of these factors must be material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced must not be substantially outweighed by the danger of unfair prejudice. [*People v Golochowicz,* 413 Mich 298, 308-309; 319 NW2d 518 (1982).]

The first and perhaps the most important determination the trial court must make is whether the proposed evidence is probative of one or more of the exceptions specified in the rule *and* whether that exception is material, that is, a proposition "in issue" in the case. *People v Major,* 407 Mich 394; 285 NW2d 660 (1979).

Our Supreme Court adopted the definition and determined that evidence probative of a matter in issue is material. *People v Oliphant,* 399 Mich 472, 488-489; 250 NW2d 443 (1976).

If the prosecutor wishes to introduce evidence under the exceptions listed in MRE 404(b), he must specifically identify the exception *and* make a showing that the exception is "material," that is, in issue. However, it should be emphasized that it

is the defense and *not the prosecution* that chooses the "issues" in a case. If the prosecution were allowed to choose the issues, the general rule of exclusion would be emasculated. The prosecution would need merely allege contest of either plan, motive, identity, et cetera to insure introduction of the bad act. The prosecution always has the burden of proving beyond a reasonable doubt of all the elements of the crime charged. It is the defense that chooses which of those elements it wishes to contest or put in issue. Which matters the defense chooses to place in issue may be evidenced by issues raised before or during trial, such as through counsel's opening statement, a motion in limine, the nature of cross-examination by the defense or evidence offered by the defense. *Golochowicz, supra.*

While in some instances the evidence might be admissible for more than a single exception, ordinarily that is not the case. Usually, only one among the several exceptions described in the rule is material to the case and justifies admission of such evidence. Consequently,

> when asked by the trial judge to specify the grounds for admission of such evidence, prosecutors often loose a "shotgun" fusillade of reasons which typically include most, if not all, of the purposes named in the statute. Such a response hints, of course, if it does not demonstrate, that the prosecutor has an inadequate understanding of the correct application of the rule and is unclear as to precisely why the evidence is or is not admissible. [*Golochowicz,* p 315.]

Similarly, trial judges should avoid admitting such evidence with vague justification and should require the prosecutor not only to specifically state which exception the proposed evidence falls under

*but the reasons the defense has placed that exception in issue.*

If the prosecution fails to show that the proposed evidence is material, that is, in issue, then the trial court must deny admission of such evidence.

If the trial court is satisfied that the proposed evidence is material, then it must further evaluate the proposed evidence and determine whether: (1) there is substantial evidence that the defendant actually perpetrated the bad act sought to be introduced, (2) that there is some special quality or circumstance of the bad act tending to prove the exception stated by the prosecution, and (3) the probative value of the evidence sought to be introduced is not substantially outweighed by the danger of unfair prejudice.

In this case, three separate informations involving three separate victims were filed against defendant. Each information alleged one count of criminal sexual contact with one person, all occurring on different dates. The information at issue in the instant case listed as endorsed witnesses the names of the complaining witnesses of the other informations. Thus it was clear that the prosecution intended to use the testimony of the other complaining witnesses in its case in chief.

The defense filed a motion in limine prior to trial requesting the court to exclude the testimony of the other complaining witnesses. In support of the motion defense counsel argued that the testimony of the other alleged victims would be evidence of other crimes which were not material to the issues in the case at trial.

The prosecution responded that the testimony was admissible under MRE 404(b) to show that the charged touching was for the purpose of sexual gratification, the defendant's intent and motive, as

well as to show an absence of mistake or accident. As reasons for admissibility, the prosecution stated:

> The totality of the circumstances here, this being three small children, the defendant being their gym teacher, we feel that it would be imperative that we be allowed to present the similar acts evidence.

The prosecution further cited *People v Vesnaugh,* 128 Mich App 440; 340 NW2d 651 (1983), in support of its position.

The defense, citing *Golochowicz* and *Major* in support of its position, denied that the charged touching took place and argued that the stated exceptions were not in issue in the case.

The trial court, after reciting MRE 404(b) and emphasizing certain exceptions, ruled the proposed testimony admissible because the rule "clearly discloses that the prosecution may offer testimony to prove motive, opportunity and intent." The court further relied on *Vesnaugh* and allowed the testimony because it was evidence of other sexual touching and admissible for the purpose of showing sexual gratification.

The prosecution failed to give any reason why its proposed exceptions were material or in issue in the case. Instead, as prohibited in *Golochowicz,* it loosed a "shotgun fusillade" which included most of the exceptions under the rule. The motion occurred *prior* to trial and therefore deprived the prosecution of any opening statement, cross-examination, or defense testimony that could be used to show what was in issue in the trial. Thus the prosecution was unable to substantiate its claim that one of the exceptions was in issue. Moreover, prior to and during the trial, the defense was that

the charged act did not occur, not that it occurred but was not for sexual gratification.

The prosecution and the trial court erred in relying on *Vesnaugh.* In that case, the defense counsel *in his opening statement* noted that the prosecution had to prove an *intentional* touching *for the purpose of sexual gratification.* Thus the defendant put in issue the intent of the defendant and a touching for sexual gratification. These are not the facts of this case. My colleagues opine that the testimony was admissible because the defendant testified that he often hugged all of his students, thus his "intent" was placed in issue. However, the defendant steadfastly denied that he ever placed his hand in the pants of any of his students while hugging them. The admission that a person touched another on a nonprohibited area does not place in issue that he may have touched that person on a prohibited area. If the defendant herein admitted that he may have touched the children on the buttocks while hugging them, then I would agree that he put his intent in issue. That is not the case.

More importantly, even if such testimony put the defendant's intent in issue, the prosecution and the trial court did not have the benefit of the defendant's trial testimony when the motion was denied because the motion in limine was conducted *prior* to trial. *Thus such testimony was not available to use as a basis for determining that "intent" was "in issue."* It should be remembered that the prosecution introduced the testimony in its case in chief not as rebuttal testimony. Such use undeniably could have altered defense strategy and changed the course of the trial.

In summary, the trial court erred in admitting the testimony of prior and subsequent bad acts of the defendant because, *at the time of its ruling,*

none of the exceptions stated by the prosecution under MRE 404(b) were material, that is "in issue." This case was one which turned solely upon an assessment of the credibility of the complaining witness and the defendant. There was virtually no other evidence supporting the fact that the alleged act occurred or that the defendant perpetrated that act. The admission of the testimony in question was not harmless. Therefore, the convictions should be reversed and separate trials of the offenses should be conducted.